534 So.2d 189 (1988)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
v.
Jimmy W. METTETAL, Jerry Mettetal, Larry Tidwell, Southern Farm Bureau Casualty Insurance Company, and Mississippi Farm Bureau Mutual Company.
No. 58065.
Supreme Court of Mississippi.
November 9, 1988.
*190 Jack F. Dunbar, Guy T. Gillespie, III, Janet G. Arnold-Wilson, Holcomb, Dunbar, Connell, Chaffin & Willard, Oxford, for appellant.
S.T. Rayburn, H. Scot Spragins, Oxford, for appellee.
En Banc.
ZUCCARO, Justice, for the Court:

STATEMENT OF THE CASE
In a declaratory judgment action brought by the appellant State Farm, the Chancery Court of Panola County denied appellant's motion for summary judgment and granted appellees' cross-motion for summary judgment. This appeal from the chancellor's order involves a single issue: Does § 63-15-43 of Mississippi's Motor Vehicle Safety Responsibility Law, codified as Mississippi Code Annotated Section 63-15-1 et seq. (1972 and Supp. 1987), apply to all automobile liability insurance policies issued in the State, or only to those certified as proof of financial responsibility?

FACTS
When this cause of action arose, Jimmy Mettetal was a named insured of State Farm Mutual Automobile Insurance Company under Policy No. 134-7262-B19-24B. Mettetal's son Jerry, a minor, was also an insured, because of the policy's provision which covered family members living in the household of the named insured. The policy provided that State Farm would indemnify Jimmy Mettetal up to the amount of $25,000 per person and $50,000 per occurrence for bodily injury, and up to $25,000 per occurrence for property damage, should a judgment be rendered against him as a result of his or a family member's negligent operation of a motor vehicle. The policy extended liability coverage to the use by an insured of a non-owned vehicle. However, it contained a "permissive use" exclusion limiting by definition a non-owned vehicle to one used only "within the scope of consent of the owner or person in lawful possession of it."
On April 7, 1984, Jerry Mettetal took, without permission, a 1980 Chevrolet Malibu owned by Larry Tidwell and insured by Southern Farm Bureau. Attempting to retrieve his automobile, Tidwell pursued Mettetal in another vehicle owned by Tidwell, a 1978 Chevrolet pickup insured by Mississippi Farm Bureau. As a proximate result of Jerry Mettetal's negligence, the *191 two vehicles collided and both were damaged extensively.
The fair market value of Tidwell's Malibu was $4,500.00; reasonable wrecker and storage charges totalled $93.28. After Southern Farm Bureau paid these amounts to Tidwell and received $720.00 in salvage for the wrecked Malibu, the insurer's net expenditure was $3,873.28. The reasonable repair charges for the Chevrolet pickup were $3,436.30, which amount Mississippi Farm Bureau paid to Tidwell in accordance with their insurance contract.
Pursuant to a subrogation clause in their insurance policies with Tidwell, both Southern Farm Bureau and Mississippi Farm Bureau demanded of Jimmy Mettetal that he pay for the damages negligently caused by his son's operation of Tidwell's vehicle. The total amount of this demand was $7,309.58. Thereupon Jimmy Mettetal requested that State Farm indemnify and/or defend him and his son against the claims of Tidwell, Southern Farm Bureau, and Mississippi Farm Bureau.
State Farm then brought a declaratory judgment action to determine whether or not the Mettetals were covered under the terms of their policy for the accident resulting from Jerry Mettetal's unauthorized use of Tidwell's car. Named as defendants in the action were Jimmy Mettetal, Jerry Mettetal, Larry Tidwell, Southern Farm Bureau, and Mississippi Farm Bureau. Based upon the parties' stipulation to the facts, State Farm filed a motion for summary judgment, seeking an adjudication that it was not liable under its policy to defend or indemnify the Mettetals because the policy excluded coverage of a non-owned vehicle used without its owner's consent. In response, the defendants Larry Tidwell, Southern Farm Bureau, and Mississippi Farm Bureau filed a cross-motion for summary judgment, seeking an adjudication that the provisions of the Mississippi Motor Vehicle Safety Responsibility Law applied to the policy issued by State Farm to Jimmy Mettetal, and that the "permissive use" exclusion relied on by State Farm was therefore void because it conflicted with one of the provisions required of a policy subject to Section 63-15-43 of the Safety Responsibility Law. The provision at issue is found in Subsection (3) of Section 63-15-43 of the Mississippi Code (Supp. 1987). It states:
Such operator's policy of liability insurance shall pay on behalf of the insured named therein all sums which the insured shall become legally obligated to pay as damages arising out of the use by him of any motor vehicle not owned by him, within the same territorial limits and subject to the same limits of liability as are set forth above with respect to an owner's policy of liability insurance.
(Emphasis added).
State Farm responded, claiming that the provisions of Section 63-15-43 did not apply to the Mettetal policy because the policy was procured voluntarily by Jimmy Mettetal prior to any accident which would subject him or his son to the statute's requirements. Furthermore, because the Mettetal policy was not certified by State Farm prior to the Tidwell incident as constituting proof of Jimmy or Jerry Mettetal's financial responsibility, State Farm contended that the policy did not meet the Section 63-15-43(1) definition of a "motor vehicle liability policy" subject to the Safety Responsibility Law. That definition is as follows:
A "motor vehicle liability policy" as said term is used in this chapter shall mean an owner's or an operator's policy of liability insurance, certified as provided in section 63-15-39 or section 63-15-41, as proof of financial responsibility, and issued, except as otherwise provided in section 63-15-41, by an insurance company duly authorized to write motor vehicle liability insurance in this state, to or for the benefit of the person named therein as insured.
(Emphasis added).
On September 22, 1986, the chancellor denied State Farm's motion for summary judgment and granted the defendants' cross-motion for summary judgment. The chancellor found that the requirements of Section 63-15-43 of the Safety Responsibility Law apply to all automobile liability *192 insurance policies issued in Mississippi, whether issued before or after an accident, and whether certified by the insurance company as proof of financial responsibility or not. State Farm appeals from the chancellor's order, and claims a single assignment of error:
DID THE CHANCELLOR ERR IN HOLDING THAT SECTION 63-15-43 OF THE MISSISSIPPI MOTOR VEHICLE SAFETY RESPONSIBILITY LAW APPLIES TO ALL AUTOMOBILE LIABILITY INSURANCE POLICIES ISSUED IN THE STATE, WHETHER ISSUED BEFORE OR AFTER AN ACCIDENT, AND WHETHER CERTIFIED BY THE INSURANCE COMPANY AS PROOF OF FINANCIAL RESPONSIBILITY OR NOT?
State Farm concedes that if Section 63-15-43 applies to the policy issued to Jimmy Mettetal, then the non-owned car "permissive use" exclusion in that policy is void because it conflicts with the provisions of the statute. On the other hand and conversely, appellees concede that if we hold that § 63-15-43 does not apply to all policies of liability insurance, then the "permissive use" exclusion in State Farm's policy is valid and appellant State Farm Mutual Automobile Insurance Company has no liability to appellees.

DISCUSSION
The Mississippi Motor Vehicle Safety Responsibility Law was enacted by the legislature in 1952 by General Laws of Mississippi, Chapter 359. It is presently codified as Mississippi Code Annotated §§ 63-15-1 et seq. (1972 and Supp. 1987). The Safety Responsibility Law does not require that an automobile owner or operator obtain automobile liability insurance in order to drive in this State. In fact, with limited exceptions [see, e.g., Miss. Code Ann. § 21-27-133 (1972) (covering motor vehicles for hire)], there is no statutory requirement in Mississippi that an automobile owner or operator carry liability insurance.
Once a vehicle is involved in an accident within the State, however, the operator of the vehicle must, in most instances, report the accident to the Mississippi Department of Public Safety, which administers the Safety Responsibility Law. The report must be in writing and generally must furnish information enabling the Department to determine whether there is in effect liability coverage with respect to the owner and operator of the vehicle involved in the accident. "The department may rely upon the accuracy of the information unless and until it has reason to believe that the information is erroneous." Miss. Code Ann. § 63-15-9 (Supp. 1987).
If the owner or operator does not have in effect liability coverage with respect to his ownership or operation of the vehicle, the Department is required to suspend all automobile registrations of the owner, and the driver's license of the operator, unless the owner and/or operator furnish proof of future financial responsibility and, with some exceptions, security for damages resulting from the accident. Miss. Code Ann. § 63-15-11 (Supp. 1987). Proof of future financial responsibility may be furnished by several means, one of which is by providing a written certificate of an insurance company "certifying that there is in effect a motor vehicle liability policy for the benefit of the person required to furnish proof of financial responsibility." Miss. Code Ann. § 63-15-39 (1972).
An owner or operator is exempted altogether from complying with the security and proof-of-financial-responsibility provisions if at the time of the accident he had in effect a liability policy insuring his ownership or operation of the vehicle involved in the accident for at least the minimum limits ($10,000/$20,000/$5,000) stated in Miss. Code Ann. § 63-15-11(4) (Supp. 1987).
In essence, the Safety Responsibility Law is a "first bite" law, in that it allows one accident before an owner or operator without liability coverage is required to furnish proof of financial responsibility. An owner or operator with liability coverage in effect, for at least the minimum limits stated in Subsection (4) of Section *193 63-15-11, is not required to furnish proof of financial responsibility at all.
As previously noted, Subsection (1) of Section 63-15-43 of the Safety Responsibility Law provides as follows:
A "motor vehicle liability policy" as said term is used in this chapter shall mean an owner's or operator's policy of liability insurance, certified as provided in section 63-15-39 or section 63-15-41, as proof of financial responsibility, and issued, except as otherwise provided in section 63-15-41, by an insurance company duly authorized to write motor vehicle liability insurance in this state, to or for the benefit of the person named therein as insured.
(Emphasis added). There follows in Section 63-15-43 a list of provisions required for a "motor vehicle liability policy" as defined under this section. Included among the provisions is the one which conflicts with the "permissive use" exclusion in the Mettetal policy. In addition, Subsection (6)(a) states: "the liability of the insurance company with respect to the insurance required by this chapter shall become absolute whenever injury or damage covered by said motor vehicle liability policy occurs... ." (Emphasis added). However, it is clear from the language of Subsection (1) that the provisions of § 63-15-43 apply only to policies certified as proof of financial responsibility.
In the case sub judice, the chancellor's decision that the provisions of § 63-15-43 applied to all policies of liability insurance issued within the State was based primarily on three cases in which this Court applied § 63-15-43 (§ 8285-21 under the Code of 1942) to the policy provision at issue in each case. Those three cases are: United States Fidelity & Guaranty Co. v. Stafford, 253 So.2d 388 (Miss. 1971); State Farm Mutual Automobile Insurance Co. v. Moore, 289 So.2d 909 (Miss. 1974); and Vaughn v. State Farm Mutual Automobile Insurance Co., 359 So.2d 339 (Miss. 1978). In each of those three cases, this Court applied § 63-15-43 (or § 8285-21, Code of 1942), without explaining its reason for doing so, and without analysis of the statutory language. There was no mention in any of the three opinions that the policy in question had been certified as proof of financial responsibility.
The chancellor also relied on Universal Underwriters Insurance Co. v. American Motorists Insurance Co., 541 F. Supp. 755 (N.D.Miss. 1982), in which Chief Judge Keady found that while "[a] literal reading of Subsection (1) might suggest that the requirements of § 63-15-43 apply only to liability insurance policies purchased after an owner or operator has had an accident and certified as proof of financial responsibility, ... this court is Erie-bound to follow the Mississippi Supreme Court in the interpretation of this state's statute." Id. at 759-60, citing the Stafford, Moore, and Vaughn decisions.
The chancellor in the case sub judice rejected Hague v. Liberty Mutual Insurance Company, 571 F.2d 262 (5th Cir.1978), in which the Fifth Circuit Court of Appeals found that § 63-15-43 did not apply to a liability insurance policy procured voluntarily within the State of Mississippi and not certified as proof of financial responsibility. The chancellor distinguished Hague as being "an ill-advised opinion" in light of Stafford, Moore, and Vaughn. For the same reason, the chancellor also rejected Perry v. State Farm Mutual Automobile Insurance Company, 606 F. Supp. 270 (S.D.Miss. 1985), in which U.S. District Judge Tom S. Lee found that § 63-15-43 "is limited to those policies issued following an accident and certified as proof of financial responsibility." Id. at 272.
We agree with the chancellor that certain language in the Stafford, Moore, and Vaughn opinions suggests that all policies of automobile liability insurance issued in this State are subject to the provisions of § 63-15-43. However, all three of those opinions are silent as to whether or not the policy in question in each case had been certified as proof of financial responsibility. We are, therefore, reluctant to read something into those opinions which would conflict with the unambiguous language of Subsection (1) of § 63-15-43. We hold today *194 that the provisions of § 63-15-43 of the Mississippi Code of 1972 do not apply to all policies of liability insurance issued within the State of Mississippi, but apply only to those policies which have been certified as proof of financial responsibility. To the extent that Stafford, Moore, and Vaughn hold otherwise, they are expressly overruled.
In so holding, we are not unmindful of public policy considerations which might dictate a different result. If, however, the public interest demands a change in the Safety Responsibility Law, then it will be up to the legislature to make such change.
The judgment of the chancery court is reversed, and judgment is hereby rendered in favor of the appellant, State Farm Mutual Automobile Insurance Company.
REVERSED AND RENDERED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.