## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 98-CC-00690-SCT

*HIS WAY HOMES, INC.*

*v.*

*MISSISSIPPI GAMING COMMISSION*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/06/1998 |
| TRIAL JUDGE: | HON. W. SWAN YERGER |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | TOMMY EUGENE FURBY |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JOAN MYERS |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED - 2/18/99 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 4/12/99 |

**EN BANC.**

**SMITH, JUSTICE, FOR THE COURT:**

### STATEMENT OF THE CASE

#### Statement of the Facts

¶1. Appellant His Way Homes, Inc. ("HWH") is a charitable organization licensed by the Mississippi Gaming Commission ("MGC") to conduct bingo games under Mississippi's Charitable Bingo Law, Miss. Code Ann. §§ 97-33-50 *et. seq*. (Rev.1994 & Supp. 1998). Under the statute, "bingo" is not limited to the traditional oral bingo games, but also includes video bingo as well as "pull-tabs," when they are made available as a companion game to bingo and played on the premises of a licensed charitable bingo organization. Miss. Code Ann § 97-33-53(a) (1994). In addition to conducting traditional bingo, HWH maintains ten video pull-tab and bingo machines which are offered for play.

¶2. HWH offers video pull-tab and bingo machines for play as many as 35 to 40 hours per week beyond their regular session hours of play. On September 10, 1996, an enforcement agent of MGC found that HWH was paying additional compensation to workers involved in the extended hours operation of these video machines. MGC had previously discovered HWH's practice in 1995, and warned the Executive Director of HWH that such additional compensation violated the statute in MGC's opinion. Nevertheless,

HWH continued paying the additional compensation.

¶3. MGC then filed a Disciplinary Complaint against HWH charging a violation the statute. The Complaint alleged that HWH paid compensation for the previous two-week period for persons involved in the holding, operating or conducting of licensed games of chance, as follows:

Date Compensation

June 4, 1996 $7,437.50

June 18, 1996 $7,731.00

July 2, 1996 $7,738.75

July 16, 1996 $7,721.00

July 31, 1996 $7,752.75

Aug. 12, 1996 $7,708.15

Aug. 27, 1996 $7,833.50

Sept. 10, 1996 $7,676.25

Sept. 26, 1996 $7,468.50

By paying these amounts, the Complaint alleged that HWH had exceeded the maximum compensation allowed under Miss. Code Ann. § 97-33-69(3).

¶4. The Complaint alleged that since Section 97-33-69(3) provides that a charitable bingo licensee "may pay as compensation for all persons involved in the holding, operating or conducting of any licensed game or games of chance, an amount not to exceed Four Hundred Dollars ($400.00) per session," and since Section 97-33-67(1)(a) provides that "[n]o licensee shall hold, operate or conduct any bingo game . . . more often that eight (8) sessions in any one (1) week," then it followed by simple multiplication ($400 x 16) that the maximum allowable compensation for any two-week period would be $6,400.00. For each two week pay period listed, HWH had exceeded the maximum amount.

¶5. HWH did not dispute that it paid the amounts alleged in MGC's Disciplinary Complaint. However, HWH did deny that it violated the statute, because it interprets the statute as not prohibiting such compensation.

### Procedural History

¶6. On October 25, 1996, MGC filed its Disciplinary Complaint against HWH alleging, among other things, that HWH had violated the $400.00 per session compensation limitation of Miss. Code Ann. § 97-33-69(3) (Supp. 1998). A hearing was held on the Disciplinary Complaint on February 3, 1997, and the Hearing Examiner rendered his decision on April 30, 1997, finding that HWH had violated Miss. Code Ann. § 97-33-69(3) and levied a fine of $1,000 against HWH for that violation.

¶7. HWH appealed the decision of the Hearing Examiner to MGC on May 19, 1997. MGC sustained the

ruling of the Hearing Examiner at its June 26, 1997 regular monthly meeting. Having exhausted its administrative remedies, on July 25, 1997, HWH then filed a Petition for Writ of Certiorari in the Circuit Court of Hinds County, Mississippi, First Judicial District, seeking judicial review of the adverse decision. The Writ of Certiorari was issued over MGC's Motion to Dismiss the Petition on January 27, 1998. The Circuit Court rendered its Opinion and Order on March 6, 1998 affirming the decision of the MGC.

¶8. Aggrieved, HWH now appeals the decision of the Circuit Court to this Court and raises the following contentions on appeal:

> **I. THE FOUR HUNDRED DOLLAR ($400.00) SESSION PAY LIMITATION DOES NOT INCLUDE COMPENSATION PAID TO WORKERS CONDUCTING OUT-OF-SESSION PLAY PURSUANT TO MISS. CODE ANN. § 97-33-67(1)(A) (SUPP. 1998).**

> **II. HWH CLEARLY DID NOT PAY MORE THAN FOUR HUNDRED DOLLARS ($400.00) IN ANY SESSION AND THEREFORE DID NOT VIOLATE MISS. CODE ANN. § 97-33-69(3) (SUPP. 1998).**

## STANDARD OF REVIEW

¶9. The decision of an administrative agency is not to be disturbed unless the agency order was unsupported by substantial evidence; was arbitrary or capricious; was beyond the agency's scope or powers; or violated the constitutional or statutory rights of the aggrieved party. *Sprouse v. Mississippi Employment Security Comm.*, 639 So.2d 901, 902 (Miss.1994); *Mississippi Comm. on Environmental Quality v. Chickasaw County Board of Supervisors*, 621 So.2d 1211, 1215 (Miss.1993); *Melody Manor Convalescent Center v. Mississippi State Department of Health*, 546 So.2d 972, 974 (Miss.1989). There is a rebuttable presumption in favor of the agency's decisions; the burden of proving to the contrary is on the challenging party. *Sprouse*, 639 So.2d at 902; *Chickasaw County*, 621 So.2d at 1216.

¶10. Appellate review of an agency decision is limited to the record and the agency's findings. *Chickasaw County*, 621 So.2d at 1216; *Mississippi Employment Security Commission v. PDN, Inc.*, 586 So.2d 838, 840 (Miss.1991). The reviewing court cannot substitute its judgment for that of the agency or reweigh the facts of the case. *Sprouse*, 639 So.2d at 902; *Chickasaw County*, 621 So.2d at 1216; *Mississippi Public Service Commission v. Merchants Truck Line, Inc.*, 598 So.2d 778, 782 (Miss.1992). Chancery and circuit courts are held to the same standard as this Court when reviewing agency decisions. *Chickasaw County*, 621 So.2d at 1215. When this Court finds that the lower court has exceeded its authority in overturning an agency decision, we will reverse and reinstate the agency's decision. *Chickasaw County*, 621 So.2d at 1215; *Merchants Truck Line*, 598 So.2d at 782.

¶11. Unless the agency's interpretation is repugnant to the plain meaning of the statute thereof, the court is to defer to the agency's interpretation. *Mississippi State Tax Comm'n v. Lady Forest Farms, Inc.*, 701 So.2d 294, 296 (Miss.1997). *See also* *Kerr-McGee Chem. Corp. v. Buelow*, 670 So.2d 12, 16 (Miss.1995); *Tower Loan of Mississippi v. Mississippi State Tax Comm'n*, 662 So.2d 1077 (Miss.1995); *Mississippi State Tax Comm'n v. Dyer Inv. Co.*, 507 So.2d 1287, 1289 (Miss.1987). Further, the interpretation given the statute by the agency chosen to administer it should be accorded deference. *Williams v. Puckett*, 624 So.2d 496, 499 (Miss.1993); *Gill v. Mississippi Dep't of Wildlife Conservation*, 574 So.2d 586, 593 (Miss.1990).

## LEGAL ANALYSIS

**I. THE FOUR HUNDRED DOLLAR ($400.00) SESSION PAY LIMITATION DOES NOT INCLUDE COMPENSATION PAID TO WORKERS CONDUCTING OUT-OF-SESSION PLAY PURSUANT TO MISS. CODE ANN. § 97-33-67(1)(A) (SUPP. 1998).**

**and**

**II. HWH CLEARLY DID NOT PAY MORE THAN FOUR HUNDRED DOLLARS ($400.00) IN ANY SESSION AND THEREFORE DID NOT VIOLATE MISS. CODE ANN. § 97-33-69(3) (SUPP. 1998).**

¶12. The facts are not in dispute. Before this Court is a rather straightforward question of statutory interpretation. However, this is an issue of first impression as these specific code sections have not been addressed previously by this Court. At issue are specific provisions of the Charitable Bingo Law, as amended, found at Miss. Code Ann. § 97-33-50 *et. seq.* (1992). Appellant HWH contends that MGC's interpretation of these code sections is unreasonable and burdensome to the point of being arbitrary and capricious. Furthermore, the Circuit Court as well as the Hearing Examiner previously ruled that MGC acted within its authority.

¶13. Specifically, HWH contends that the circuit court erroneously interpreted Section 97-33-67 (1)(a), which reads as follows:

> No licensee shall hold, operate or conduct any bingo game more often than for two (2) sessions within one (1) day and more often than eight (8) sessions in any one (1) week. Any licensee who holds no more than one (1) session per week shall be entitled to conduct one (1) six-hour session per week. **Notwithstanding the provisions of this paragraph, pull-tabs, video pull-tabs or video bingo games may be played for up to eighty (80) hours per week.**

Miss. Code Ann. § 97-33-67(1)(a) (Supp. 1998) (emphasis added). A "session" is defined as "any five-hour time period within one (1) day or six-hour time period within one (1) week." Miss. Code Ann. § 97-33-53(i) (Rev. 1994).

¶14. The circuit court said that "[t]he statutory language of Miss. Code Ann. 97-33-67(1)(a) (Supp. 1996) is clear and unambiguous that no additional compensation can be paid beyond the amount of $400.00 per session." HWH argues that this ruling is erroneous, because Section 97-33-67(1)(a) says nothing about "the amount of $400.00 per session." Clearly, the circuit court was discussing Section 97-33-67(1)(a) as it relates to Section 97-33-69(3), which reads, in pertinent part:

> . . .[A]ny licensee may pay as **compensation for all persons involved in the holding, operating or conducting of any licensed game or games of chance, an amount not to exceed Four Hundred Dollars ($400.00) per session**. Persons who may be compensated from the Four Hundred Dollars ($400.00) per session amount may include the bingo supervisor or alternate supervisor, callers, runners and cashiers. . . .

Miss. Code Ann. § 97-33-69(3) (Supp. 1998) (emphasis added).

¶15. HWH next contends that the circuit court failed to address the payment of workers "out-of-session." In this regard, HWH is correct, because the code itself fails to specifically address whether Sections 97-33-67(1)(a) and 97-33-69(3) prohibit or allow additional pay to bingo workers "out-of-session." Herein lies the crux of this litigation.

¶16. HWH argues that since the code does not specifically allow nor prohibit "out- of-session" pay, then basic principles of statutory construction should apply. HWH argues that a reasonable construction should be given to the statute, and if it is susceptible to more than one interpretation, it must be given one that best effectuates its purposes. *Brady v. John Hancock Mutual Life Ins. Co.*, 342 So.2d 295, 303 (Miss. 1977). Also, HWH states that this Court's goal in interpreting statutes is to adopt that interpretation which will meet "the real meaning" of the statute. *See Mississippi Casino Operators Ass'n v. The Mississippi Gaming Comm.*, 654 So.2d 892, 894 (Miss. 1995).

¶17. In contrast, MGC maintains that $400.00 per session is the maximum that can be paid to bingo workers under the code. MGC argues that prior to 1994 the statute made no exception to Section 97-33-67(1)(a)'s limitations of eight (5 hour) sessions or one (6 hour) session per week. When the Legislature amended Section 97-33-67(1)(a) in 1994 to except the play of video bingo and pull-tabs to eighty (80) hours per week, it did not make a corresponding amendment to Section 97-33-69(3). 1994 Miss. Laws Ch. 635 §8. Thus, the then existent $300.00 per session maximum limit was left in effect despite the amendment.

¶18. In 1995, the Legislature amended Section 97-33-69(3) to provide compensation to bingo workers in the now current amount of $400.00 per session. It did not make an exception for compensation for work involved in the additional hours of pull-tabs and video bingo. Since the Legislature did not make such an exception, MGC argues that this Court should not create an exception by construction as suggested by HWH. *Roberts v. Mississippi Republican Party State Executive Committee*, 465 So.2d 1050, 1052 (Miss. 1985). Furthermore, "Where no exception in positive words is made, the presumption is the legislature intended to make none." *State v. Heard*, 246 Miss. 774, 151 So.2d 417, 420 (1963). Therefore, MGC contends that the statute is plain and unambiguous in stating that no additional compensation can be paid beyond the amount of $400.00 per session so there is no need for judicial construction. *Forman v. Carter*, 269 So.2d 865, 868 (Miss. 1972); *see also Peterson v. Sanchez*, 451 So.2d 216, 219 (Miss. 1984).

¶19. Simply, it is MGC's position that while Section 97-33-67(1)(a) allows a charity to operate video bingo and pull-tabs out-of-session, the compensation paid to its employees for working during that time must be included in the session pay limitation. HWH suggests that Section 97-33-69(3) deals only with compensation during session play, and MGC cannot add to compensation for session work the compensation paid for out-of-session work in order to charge HWH with violating the limitation.

¶20. In essence, HWH is asking this Court to read into Sections 97-33-67(1)(a) and 97-33-69(3) a provision authorizing payment to workers beyond the plain language of the statutes. This Court has said:

> "[P]resumptions are indulged against ... inadvertent omissions or oversights, or ... against legislation by implication...." 82 C.J.S. Statutes § 316(a) (1953) (noting *Seward v. Dogan*, 198 Miss. 419, 21 So.2d 292 (1945)) (other footnotes omitted). In sum, this Court cannot omit or add to the plain meaning of the statute or presume that the legislature failed to state something other than what was plainly stated. Thus, we are not justified in concluding that the legislature intended, but forgot, to

include private parties in the list of those who may institute proceedings to enforce zoning ordinances.

*City of Houston v. Tri-Lakes Ltd.*, 681 So.2d 104, 106 (Miss. 1996). Likewise, this Court is not now justified in presuming that the Legislature omitted something in the Charitable Bingo Law. If a problem exists, it is for Legislature to correct. In the meantime, We must apply the statutes as written.

¶21. The Legislature has vested the MGC with authority to control the operation of bingo games in accordance with the Charitable Bingo Law and MGC's rules and regulations. Miss. Code Ann. § 97-33-65 (Rev. 1994). Furthermore, the Legislature has provided that any person, association or corporation violating any provisions of the Charitable Bingo Law or any rule or regulation of MGC shall be subject to a fine imposed by MGC and to suspension or revocation of its license. Miss. Code Ann. § 97-33-75 (Rev. 1994). MGC acted within its statutory authority when it fined HWH.

¶22. With regard to the interpretation of statutes by state agencies, this Court has recently said:

> . . . [U]nless the Department's interpretation is repugnant to the plain meaning thereof, the court is to defer to the agency's interpretation. *Mississippi State Tax Comm'n v. Lady Forest Farms, Inc.*, 701 So.2d 294, 296 (Miss.1997). *See also* **Kerr-McGee Chem. Corp. v. Buelow**, 670 So.2d 12, 16 (Miss.1995); *Tower Loan of Mississippi v. Mississippi State Tax Comm'n*, 662 So.2d 1077 (Miss.1995); *Mississippi State Tax Comm'n v. Dyer Inv. Co.*, 507 So.2d 1287, 1289 (Miss.1987).

> Further, the interpretation given the statute by the agency chosen to administer it should be accorded deference. *Williams v. Puckett*, 624 So.2d 496, 499 (Miss.1993); *Gill v. Mississippi Dep't of Wildlife Conservation*, 574 So.2d 586, 593 (Miss.1990).

*Ricks v. Mississippi State Dep't of Health*, 719 So.2d 173 (Miss. 1998). MGC points to Section 97-33-57(2) which states as follows:

> If the commission is satisfied **that no commission, salary, compensation, reward or recompense whatever, except as otherwise provided in Section 97-33- 69, will be paid** or given to any person holding, operating or conducting any bingo game, it may issue a license to the applicant for the holding, operating and conducting of bingo games.

Miss. Code Ann. § 97-33-57(2) (Rev. 1994) (emphasis added). Thus, MGC's interpretation cannot be said to be "repugnant" to the plain meaning of the statute[1]. Therefore, MGC's interpretation is given deference by this Court, and the circuit court was correct in affirming the MGC's decision.

**CONCLUSION**

¶23. The Mississippi Gaming Commission's interpretation of the statutes in question was not repugnant to their plain meaning. Accordingly, this Court defers to the state agency which has statutory authority to enforce these code sections. Therefore, the circuit court did not err in affirming the MGC's decision.

¶24. The judgment of the Hinds County Circuit Court is, therefore, affirmed.

¶25. **JUDGMENT AFFIRMED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, McRAE, ROBERTS, MILLS**

**AND WALLER, JJ., CONCUR.**

1. HWH was previously warned by the MGC for failure to abide by these code sections and that action could be taken in the future. HWH admits stubbornly refusing to comply while insisting that its interpretation was equally reasonable and logical. In fact, the MGC and HWH tried to settle this dispute prior to any disciplinary action being taken.