# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2011-CT-00896-SCT

*MACHON LYONS*

*v.*

*DIRECT GENERAL INSURANCE COMPANY OF MISSISSIPPI*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 05/27/2011 |
| TRIAL JUDGE: | HON. JAMES LAMAR ROBERTS, JR. |
| COURT FROM WHICH APPEALED: | MONROE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | LANCE L. STEVENS |
| ATTORNEYS FOR APPELLEE: | WALKER REECE GIBSON |
| | MICHAEL WAYNE BAXTER |
| | ANDY LOWRY |
| NATURE OF THE CASE: | CIVIL - INSURANCE |
| DISPOSITION: | THE JUDGMENT OF THE COURT OF APPEALS IS AFFIRMED. THE JUDGMENT OF THE MONROE COUNTY CIRCUIT COURT IS REVERSED AND THE CASE IS REMANDED - 02/13/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**DICKINSON, PRESIDING JUSTICE, FOR THE COURT:**

¶1.    An insurance company denied an injured passenger's personal-injury claim against

the driver because its policy excluded any coverage for the person who was driving, and who

was also the tortfeasor. The circuit court granted the insurance company summary judgment.

But because – to the extent of statutorily required liability coverage – the policy exclusion

violates Mississippi law, we reverse in part.

## FACTS AND PROCEDURAL HISTORY

¶2.     Machon Lyons suffered severe injuries in an single-car automobile accident. The accident occurred when a Chevrolet Lumina operated by Roderick Holliday -- in which Lyons was a passenger --  left the road and collided with a tree. As a result, Lyons obtained a default judgment of $72,500 against Holliday.

¶3.     Holliday's mother, Daisy Lang, insured the Chevrolet Lumina through Direct General Insurance Company of Mississippi. Lang's policy included a provision specifically excluding Holliday from any coverage under the policy. Accordingly, Direct denied coverage for the judgment.

¶4.     Lyons sought a declaratory judgment, asking the Circuit Court of Monroe County to hold that Lang's policy covered the judgment against Holliday. Lyons acknowledged the policy exclusion, but argued that Lang's policy covered the judgment against Holliday because Mississippi law[1] requires minimum-liability coverage for all permissive drivers, and because Lang's insurance card – provided to Lang by Direct General for use as evidence of coverage – failed to mention any permissive-driver exclusions. This, according to Lyons, created an ambiguity that should be resolved in favor of the injured party.

¶5.     The circuit court granted summary judgment in favor of Direct, finding that the policy clearly and specifically excluded coverage of Holliday. Lyons appealed.

---

[1]Miss. Code Ann. § 63-15-43 (Rev. 2013).

¶6.     The Mississippi Court of Appeals reversed,[2] finding that Mississippi Code Section

63-15-4(2)(a) requires liability insurance for all vehicles operated in Mississippi and that

Mississippi Code Section 63-15-43 requires that the liability insurance policy "[s]hall pay

on behalf of the named insured and any other person, as insured, using any such motor

vehicle or motor vehicles with the express or implied permission of such named insured. .

. ."[3]  Accordingly, the court held that an insured's policy must cover all permissive drivers,

rendering the named-driver exclusion void up to the minimum coverage limits.[4]  Although

the Court of Appeals reached the right result, it cited as its authority the incorrect statute, so

we granted *certiorari*.

## ANALYSIS

¶7.     In its petition for *certiorari*, Direct argues that the Court of Appeals erred because

Section 63-15-43 does not establish the requirements for minimum mandatory liability

coverage.  Rather, Direct argues that Section 63-15-3(j) provides the minimum requirements

for mandatory liability insurance and, because that section lacks any requirement for

coverage of all permissive drivers, its named-driver exclusion – which unambiguously

excludes Holliday as a covered driver – is valid under Mississippi law.

¶8.     Mississippi law requires liability insurance for every motor vehicle operated within

the state:

---

[2]*Lyons v. Direct Gen. Ins. Co. of Miss.*, No. 2011-CA-00896-COA, 2012 WL 6117874 (Miss. Ct. App. Dec. 11, 2013).

[3]Miss. Code Ann. § 63-15-43(2)(b) (Rev. 2013).

[4]*Lyons*, 2012 WL 6117874, at *3.

Every motor vehicle operated in this state shall have an insurance card maintained in the motor vehicle as proof of liability insurance that is in compliance with the liability limits required by Section 63-15-3(j). The insured parties shall be responsible for maintaining the insurance card in each motor vehicle.[5]

But the Court of Appeals erred by finding that "[t]he requirements for these mandatory liability insurance policies are set out in section 63-15-43 of the Mississippi Code."[6] Section 63-15-4 specifically provides that the insurance policy must comply with the requirements of Section 63-15-3(j),[7] which makes no reference to Section 63-15-43.[8]

¶9. Further, Section 63-15-43 applies by its terms to "an owner's or an operator's policy of liability insurance, certified as provided in Section 63-15-39 or Section 63-15-41."[9] We previously have addressed the precise issue of whether Section 63-15-43 applies "to all automobile liability insurance policies issued in the State, or only to those certified as proof of financial responsibility."[10]

¶10. Prior to 2001, Mississippi law contained no general requirement that the owner or operator of a vehicle carry liability insurance.[11] Instead, Mississippi law required that the Department of Public Safety suspend all automobile registrations of an owner – or the

---

[5]Miss. Code Ann. § 63-15-4(2)(a) (Rev. 2013).

[6]*Lyons*, 2012 WL 6117874, at *1.

[7]Miss. Code Ann. § 63-15-4(2)(a) (Rev. 2013).

[8]Miss. Code Ann. § 63-15-3(j) (Rev. 2013).

[9]Miss. Code Ann. § 63-15-43(1) (Rev. 2013).

[10]*State Farm Mut. Auto. Ins. Co. v. Mettetal*, 534 So. 2d 189, 190 (Miss. 1988).

[11]*Id.* at 192.

4

driver's license of an operator – of any vehicle involved in an accident without liability insurance, unless the owner or operator could produce proof of future financial responsibility[12] by "providing a written certificate of an insurance company 'certifying that there is in effect a motor vehicle liability policy for the benefit of the person required to furnish proof of financial responsibility.'"[13]

¶11.    When the insured party in *Mettetal* voluntarily obtained his liability insurance policy, unrelated to any accident or proof of future financial responsibility,[14] we had to determine whether an exclusion contained in the voluntarily obtained policy – which conflicted with the requirements of Section 63-15-43 – could be enforced.[15]  We held that it could because "it is clear from the language of Subsection (1) that the provisions of § 63-15-43 apply only to policies certified as proof of financial responsibility."[16]

¶12.    Since the *Mettetal* decision, the Legislature has repealed the requirement for proof of future financial responsibility following an accident,[17] and has adopted a requirement that all vehicles operated within the State have liability insurance.[18]

---

[12]*Id.* (citing Miss. Code Ann. § 63-15-11 (repealed March 20, 2013)).

[13]*Id.* (quoting Miss. Code Ann. § 63-15-39).

[14]*Id.* at 190.

[15]*Id.*

[16]*Id.* at 193.

[17]Miss. Code Ann. § 63-15-11 (repealed March 20, 2013).

[18]Miss. Code Ann. § 63-15-4(2)(a) (Rev. 2013).

¶13. Likewise, in the case before us today, Section 63-15-43 is inapplicable by its own language because, by its terms, it applies only to policies certified under Sections 63-15-39 and 63-15-41.[19] Because neither of the parties before us today suggests that the liability policy in the present case is one certified under Sections 63-15-39 and 63-15-41, the Court of Appeals erred by applying the requirements of Section 63-15-43.

¶14. But our analysis does not conclude here. Section 63-15-4(2)(b) provides that an "insurance company issuing a policy of motor vehicle liability insurance as required by this section shall furnish to the insured an insurance card for each motor vehicle . . . ."[20] Here, the parties stipulated that the insurance card Direct issued to Daisy Lang was her evidence of insurance coverage. Counsel for Direct confirmed at oral argument that this coverage was the coverage required by Mississippi statute.

¶15. For automobiles operated in Mississippi, Section 63-15-4(2)(a) requires that an insurance card be "maintained in the motor vehicle," and that the insurance card serve as "proof of liability insurance that is *in compliance with the limits required by Section 63-15-3(j)*."[21] This statute – when read together with Section 63-15-4(2)(b), which requires the insurance company to issue the card – leaves no doubt that an insurer may not issue an insurance card for use as proof of coverage unless the policy complies with minimum statutory requirements. And if the policy provides no liability coverage for certain drivers, it does not comply.

---

[19]Miss. Code Ann. § 63-15-43(1) (Rev. 2013).

[20]Miss. Code Ann. § 63-15-4(2)(b) (Rev. 2013).

[21]Miss. Code Ann. § 63-15-4(2)(a) (Rev. 2013) (emphasis added).

¶16. Accordingly, we hold that Daisy Lang's Direct General policy did not comply with the following minimum-liability coverage requirements

> . . . . in the amount of Twenty-five Thousand Dollars ($25,000.00) because of bodily injury to or death of one (1) person in any one (1) accident, and subject to said limit for one (1) person, in the amount of Fifty Thousand Dollars ($50,000.00) because of bodily injury to or death of two (2) or more persons in any one (1) accident, and in the amount of Twenty-five Thousand Dollars ($25,000.00) because of injury to or destruction of property of others in any one (1) accident.[22]

¶17. This mandatory liability insurance requirement pertains to vehicles, not owners or operators. Said differently, every vehicle operated within this State must have the statutorily required minimum-coverage requirements of $25,000 for injury to one person, $50,000 for injury to two or more people, and $25,000 for property damage.[23] A liability policy that purports to exclude that coverage for certain drivers fails to comply with the statutory mandate.

¶18. The dissent labels as "mysterious" our belief that exclusions to the statutorily mandated minimum-liability limits must come from – or be authorized by – the Legislature. But we find compelling the fact that the Legislature passed a lawful statute that unequivocally requires automobiles to maintain minimum-liability coverage in the amount of $25,000. Because the statute neither includes nor authorizes exclusions, we must hold that the exclusion at issue in this case does not apply to the first $25,000 of liability. The Legislature possesses the sole power to authorize such exclusions, and automobile insurers are not free to escape the statutorily required minimum-liability coverage simply by inserting

---

[22]Miss. Code Ann. § 63-15-4(2)(a) (Rev. 2013)

[23]Miss. Code Ann. § 63-15-3(j) (Rev. 2013)

7

an exclusion of their choice – no matter how well-reasoned – into their policies. Arguments for exceptions to clear statutory requirements should be made to the Legislature, not this Court.

¶19.    The dissent also states that "parties are free to agree to whatever contractual terms they wish as long as the terms are not prohibited." We agree. The parties indeed may negotiate – and automobile insurers may include – exclusions from coverage, so long as those exclusions do not emasculate the statutorily required minimum coverage. In other words, our opinion does not invalidate the exclusion at issue today for amounts which exceed the statutorily required minimum.

¶20.    The dissent's concern appears focused on other commonplace exclusions that are not at issue here. The essence of the dissent's position is, if automobile insurers may exclude the minimum statutory coverage for intentional acts, why not for certain drivers? While this issue is not before us, it does showcase a problem that suggests additional analysis.

¶21.    The dissent suggests that – so long as automobile insurers provide the minimum statutory coverage – they are free to exclude from that coverage any acts they choose. We find to be a *non sequitur* the notion that insurance companies are free to insert their own exceptions to minimum requirements. Requirements are just that – **requirements** – and nothing in the statute suggests that exceptions exist, or that insurance companies are authorized to include them in their policies. Indeed, this unbridled freedom would leave automobile insurers free to exclude coverage for accidents in which their insureds were exceeding the speed limit or under the influence of alcohol.

¶22. We have reached a similar conclusion in the context of uninsured-motorist benefits. Pakita Payne obtained an uninsured motorist policy which specifically excluded coverage when her husband Randy drove their car.[24] We held the named-driver exclusion in that case void because it defeated the purposes of the statutory requirement for uninsured-motorist benefits, and it did not meet the statutory requirements for waiver.[25] Here, we have no statutory provision for waiver. Our statutes create an absolute requirement for liability insurance up to the statutory minimum.

## CONCLUSION

¶23. Accordingly, we find that, even though Holliday was an excluded driver under the Direct General policy issued to Daisy Lang, the exclusion did not operate to eliminate liability coverage in the minimum amounts required by statute, so we affirm the judgment reached by the Court of Appeals, although we disagree with its citation of authority, and reverse the trial court's grant of summary judgment and remand for proceedings consistent with this opinion.

¶24. **THE JUDGMENT OF THE COURT OF APPEALS IS AFFIRMED. THE JUDGMENT OF THE MONROE COUNTY CIRCUIT COURT IS REVERSED AND THE CASE IS REMANDED.**

**LAMAR, KITCHENS, CHANDLER, PIERCE AND KING, JJ., CONCUR. COLEMAN, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY RANDOLPH, P.J. WALLER, C.J., NOT PARTICIPATING.**

**COLEMAN, JUSTICE, DISSENTING:**

---

[24]*Atlanta Cas. Co. v. Payne*, 603 So. 2d 343, 344 (Miss. 1992).

[25]*Id.* at 346, 347.

¶25. I agree with the majority that the Court of Appeals erred in relying on the language of Section 63-15-43. However, in my view, the majority opinion misinterprets the interplay between and judicially adds to the statutory language of Mississippi Code Sections 63-15-3(j) and 63-15-4. I further believe the majority misapplies the undisputed facts regarding the coverage in place and the insurance contract to the aforementioned statutes. Accordingly, I respectfully dissent.

¶26. At issue in the instant case is the coverage – or lack thereof – provided by a policy of automobile liability insurance issued by Direct General and bearing policy number MSPD-111604187. The policy insured the vehicle at issue, a 2000 Ford Contour, and the declarations page establishes that it carried limits of liability of $25,000 per person and $50,000 per accident. "Limit of liability" is defined in the policy as follows:

> The limit of liability shown in the Declarations for each "person" for Bodily Injury Liability is our maximum limit of liability for all damages . . . due to bodily injury sustained by any one person in any one auto accident. Subject to this limit for each "person", the limit of liability shown in the Declarations for each "accident" for Bodily Injury Liability is our maximum limit of liability for all damages due to bodily injury to two or more person [sic] resulting from any one auto accident.

The policy also contained exclusions in addition to the driver exclusion at issue today, including, *inter alia*, exclusions for intentional acts, an employee injured during the course of employment, liability arising out of ownership or operation of a vehicle being used to carry persons or property for hire, and the use of the insured vehicle without a reasonable belief one is entitled to use it.

¶27. With the provisions of the policy thus briefly described, I turn to the applicable statutes, of which there are two. First, Mississippi Code Section 63-15-4(2) provides, in pertinent part, as follows:

> (a) Every motor vehicle operated in this state shall have an insurance card maintained in the motor vehicle as proof of liability insurance that is in compliance *with the liability limits* required by Section 63-15-3(j). The insured parties shall be responsible for maintaining the insurance card in each motor vehicle.
>
> (b) An insurance company issuing a policy of motor vehicle liability insurance as required by this section shall furnish to the insured an insurance card for each motor vehicle at the time the insurance policy becomes effective. . . .

Miss. Code Ann. § 63-15-4(2) (Rev. 2013) (emphasis added). Second, Mississippi Code Section 63-15-3(j) provides as follows:

> "Proof of financial responsibility" means proof of ability to respond in damages for liability, on account of accidents occurring subsequent to the effective date of said proof, arising out of the ownership, maintenance or use of a motor vehicle, in the amount of Twenty-five Thousand Dollars ($25,000.00) because of bodily injury to or death of one (1) person in any one (1) accident, and subject to said limit for one (1) person, in the amount of Fifty Thousand Dollars ($50,000.00) because of bodily injury to or death of two (2) or more persons in any one (1) accident, and in the amount of Twenty-five Thousand Dollars ($25,000.00) because of injury to or destruction of property of others in any one (1) accident.

Miss. Code Ann. § 63-15-3(j) (Rev. 2013). I agree with the majority that Section 63-15-43 lacks any controlling influence over the issue before the Court today, pursuant to our holding in *State Farm Mutual Automobile Insurance Co. v. Mettetal*, 534 So. 2d 189 (Miss. 1988). As the majority points out, Section 63-15-43 harkens back to the system of certificates of financial responsibility, which predates Mississippi's mandatory liability insurance requirement. However, when the Legislature enacted the new, mandatory liability insurance

11

requirement, it did so while leaving most of the statutes regulating proof of financial responsibility intact. Reading the statutes as a whole, it appears that the Legislature superimposed the new mandatory insurance requirement over the proof of financial responsibility statutes.

¶28. The imposition of the mandatory liability insurance requirement over the pre-existing statutes delineating the procedures and requirements of the older proof of financial responsibility serves as the root of my disagreement with the majority. Just as Section 63-15-43 predates the mandatory insurance requirement, so does Section 63-15-3(j), which defines "proof of financial responsibility" and is, therefore, relevant to the requirements of liability insurance coverage only to the extent Section 63-15-4(2)(a), quoted above, incorporates it. Accordingly, the question we must ask is to what extent, if any, does Section 63-15-4(2)(a) incorporate Section 63-15-3(j)? The plain language of 63-15-4(2)(a) gives us the answer, *see Lawson v. Honeywell Int'l, Inc.*, 75 So. 3d 1024, 1030 (Miss. 2011) (The Court "cannot . . . add to the plain meaning of the statute or presume that the legislature failed to state something other than what was plainly stated.") (quoting *His Way Homes, Inc. v. Miss. Gaming Comm'n*, 733 So. 2d 764, 769 (Miss. 1999)), which is that the liability limits given in Section 63-15-3(j) are incorporated into and required by Section 63-15-4(2)(a).

¶29. In other words, the Legislature requires that liability insurance have limits of liability of $25,000 per person and $50,000 per accident. Respectfully, to do as the majority does today and incorporate additional language from Section 63-15-3(j) in order to limit policy exclusions improperly adds to the plain meaning of Mississippi's statutory liability insurance requirement. The undisputed policy language at issue in the instant case defines limits of

12

liability as the greatest dollar amount the insurance company will be required to pay. The facts of the case and contract at issue show that policy number MSPD-111604187 carried limits of liability of $25,000 per person and $50,000 per accident.

¶30.    In reaching more expansively into Section 63-15-3(j) than the plain language of 63-15-4(a)(2) supports, the majority holds that all cars must be insured at all times while being operated on the roads, and because the driver exclusion at issue rendered the subject car uninsured for purposes of its operation at the time of the underlying accident, the exclusion violates Mississippi law. Under the majority's analysis, what other policy exclusions are invalid? If a driver uses an otherwise-insured vehicle to cause intentional harm to another, the damage caused would be excluded under the language of the policy in the instant case and under the language of every automobile liability insurance policy I can recall reading. However, under the reasoning of the majority would such an exclusion be illegal because, when the driver was acting with intent, the car would be uninsured? If a car was stolen and then used to injure another, would the exclusion regarding use by one without reason to believe he is entitled to drive the car no longer apply? To quote the majority, in both hypothetical situations, the policy "fails to insure the vehicle to the statutory minimum for a portion of the time it is operated within the state."

¶31.    The majority attempts to distance itself from the problems I raise by pointing out that the above exclusions are not at issue in the instant litigation, which is true. However, the majority opinion announces a legal principle, that under Section 63-15-4(a), all vehicles must be covered by liability insurance at all times while being operated upon Mississippi's roads. That principle has consequences that will apply to future litigation and, as I understand it, it

13

will apply to end all exclusions. The majority mysteriously seems to believe that, in order for any exclusion to be valid, the Legislature must mandate it, or at least explicitly allow it, in the wording of the statute itself. However, the better statement of the law is that parties are free to agree to whatever contractual terms they wish as long as the terms are not prohibited. *Koch v. H & S Dev. Co.*, 249 Miss. 590, 629, 163 So. 2d 710, 727 (1964) ("Provided it is not illegal or against public policy, persons have and should have the right to contract with reference to their property, their interests therein, and the use thereof with other persons, and to rely upon the terms and conditions of the contract mutually agreed upon."). The majority accuses my dissent of opening the door to any and all exclusions, but then itself potentially closes the door to all exclusions and fails to explain how, under the principle of law established, the exclusions I cite can remain valid. Because what exclusions to allow, if any, is the province of the Legislature, and the statutes in question are silent, I believe the better course is to allow the Legislature to make the substantive law on the question rather than the Court.

¶32. I can find nothing in the Legislature's enactments requiring liability insurance that prohibits policy exclusions or, to use the majority's language, requires a vehicle to be insured under every circumstance and at all times it is being operated within the state. What does exist is the requirement that a policy of liability insurance be attached to each vehicle being operated within the state, and that the policy have liability limits of $25,000 per person and $50,000 per accident. The car at issue had such a policy attached to it.

¶33. The majority's expansion of the phrase "liability limits," found in Section 63-15-4(a)(2), beyond the dollar amounts of the policy limits lacks support from the undisputed

14

facts of the case before the Court and from the relevant statutes. Liability limits and exclusions are two separate insurance policy items, and while the statutes provide explicit, mandatory dollar-amount requirements for the former, they remain silent as to the latter. Accordingly, I respectfully dissent.

**RANDOLPH, P.J., JOINS THIS OPINION.**