COLEMAN, Justice,
dissenting:
¶ 25. I agree with the majority that the Court of Appeals erred in relying on the language of Section 63-15-43. However, in my view, the majority opinion misinter *892 prets the interplay between and judicially adds to the statutory language of Mississippi Code Sections 63 — 15—3(j) and 63-15-4. I further believe the majority misapplies the undisputed facts regarding the coverage in place and the insurance contract to the aforementioned statutes. Accordingly, I respectfully dissent.
¶ 26. At issue in the instant case is the coverage — or lack thereof — provided by a policy of automobile liability insurance issued by Direct General and bearing policy number MSPD-111604187. The policy insured the vehicle at issue, a 2000 Ford Contour, and the declarations page establishes that it carried limits of liability of $25,000 per person and $50,000 per accident. “Limit of liability” is defined in the policy as follows:
The limit of liability shown in the Declarations for each “person” for Bodily Injury Liability is our maximum limit of liability for all damages ... due to bodily injury sustained by any one person in any one auto accident. Subject to this limit for each “person”, the limit of liability shown in the Declarations for each “accident” for Bodily Injury Liability is our maximum limit of liability for all damages due to bodily injury to two or more person [sic] resulting from any one auto accident.
The policy also contained exclusions in addition to the driver exclusion at issue today, including, inter alia, exclusions for intentional acts, an employee injured during the course of employment, liability arising out of ownership or operation of a vehicle being used to carry persons or property for hire, and the use of the insured vehicle without a reasonable belief one is entitled to use it.
¶ 27. With the provisions of the policy thus briefly described, I turn to the applicable statutes, of which there are two. First, Mississippi Code Section 63-15-4(2) provides, in pertinent part, as follows:
(a) Every motor vehicle operated in this state shall have an insurance card maintained in the motor vehicle as proof of liability insurance that is in compliance with the liability limits required by Section 63-15-3(j). The insured parties shall be responsible for maintaining the insurance card in each motor vehicle.
(b) An insurance company issuing a policy of motor vehicle liability insurance as required by this section shall furnish to the insured an insurance card for each motor vehicle at the time the insurance policy becomes effective....
Miss.Code Ann. § 63-15-4(2) (Rev.2013) (emphasis added). Second, Mississippi Code Section 63 — 15—3(j) provides as follows:
“Proof of financial responsibility” means proof of ability to respond in damages for liability, on account of accidents occurring subsequent to the effective date of said proof, arising out of the ownership, maintenance or use of a motor vehicle, in the amount of Twenty-five Thousand Dollars ($25,000.00) because of bodily injury to or death of one (1) person in any one (1) accident, and subject to said limit for one (1) person, in the amount of Fifty Thousand Dollars ($50,000.00) because of bodily injury to or death of two (2) or more persons in any one (1) accident, and in the amount of Twenty-five Thousand Dollars ($25,-000.00) because of injury to or destruction of property of others in any one (1) accident.
Miss.Code Ann. § 63 — 15—3(j) (Rev.2013). I agree with the majority that Section 63-15-43 lacks any controlling influence over the issue before the Court today, pursuant to our holding in State Farm Mutual Automobile Insurance Co. v. Mettetal, 534 So.2d 189 (Miss.1988). As the majority *893 points out, Section 63-15^13 harkens back to the system of certificates of financial responsibility, which predates Mississippi’s mandatory liability insurance requirement. However, when the Legislature enacted the new, mandatory liability insurance requirement, it did so while leaving most of the statutes regulating proof of financial responsibility intact. Reading the statutes as a whole, it appears that the Legislature superimposed the new mandatory insurance requirement over the proof of financial responsibility statutes.
¶ 28. The imposition of the mandatory liability insurance requirement over the pre-existing statutes delineating the procedures and requirements of the older proof of financial responsibility serves as the root of my disagreement with the majority. Just as Section 63-15-43 predates the mandatory insurance requirement, so does Section 63-15-3(j), which defines “proof of financial responsibility” and is, therefore, relevant to the requirements of liability insurance coverage only to the extent Section 63 — 15—4(2)(a), quoted above, incorporates it. Accordingly, the question we must ask is to what extent, if any, does Section 63-15-4(2)(a) incorporate Section 63 — 15—3(j)? The plain language of 63-15-4(2)(a) gives us the answer, see Lawson v. Honeywell Int'l Inc., 75 So.3d 1024, 1030 (Miss.2011) (The Court “cannot ... add to the plain meaning of the statute or presume that the legislature failed to state something other than what was plainly stated.”) (quoting His Way Homes, Inc. v. Miss. Gaming Comm’n, 733 So.2d 764, 769 (Miss.1999)), which is that the liability limits given in Section 63-15-30) are incorporated into and required by Section 63-15-4(2)(a).
¶ 29. In other words, the Legislature requires that liability insurance have limits of liability of $25,000 per person and $50,000 per accident. Respectfully, to do as the majority does today and incorporate additional language from Section 63-15-30) in order to limit policy exclusions improperly adds to the plain meaning of Mississippi’s statutory liability insurance requirement. The undisputed policy language at issue in the instant case defines limits of liability as the greatest dollar amount the insurance company will be required to pay. The facts of the case and contract at issue show that policy number MSPD-111604187 carried limits of liability of $25,000 per person and $50,000 per accident.
¶ 30. In reaching more expansively into Section 63-15-30) than the plain language of 63-15-4(a)(2) supports, the majority holds that all cars must be insured at all times while being operated on the roads, and because the driver exclusion at issue rendered the subject car uninsured for purposes of its operation at the time of the underlying accident, the exclusion violates Mississippi law. Under the majority’s analysis, what other policy exclusions are invalid? If a driver uses an otherwise-insured vehicle to cause intentional harm to another, the damage caused would be excluded under the language of the policy in the instant case and under the language of every automobile liability insurance policy I can recall reading. However, under the reasoning of the majority would such an exclusion be illegal because, when the driver was acting with intent, the car would be uninsured? If a car was stolen and then used to injure another, would the exclusion regarding use by one without reason to believe he is entitled to drive the car no longer apply? To quote the majority, in both hypothetical situations, the policy “fails to insure the vehicle to the statutory minimum for a portion of the time it is operated within the state.”
¶ 31. The majority attempts to distance itself from the problems I raise by point- *894 tag out .that the above exclusions are not at issue in the instant litigation, which is true. However, the majority opinion announces a legal principle, that under Section 63-15-4(a), all vehicles must be covered by liability insurance at all times while being operated upon Mississippi’s roads. That principle has consequences that will apply to future litigation and, as I understand it, it will apply to end all exclusions. The majority mysteriously seems to believe that, in order for any exclusion to be valid, the Legislature must mandate it, or at least explicitly allow it, in the wording of the statute itself. However, the better statement of the law is that parties are free to agree to whatever contractual terms they wish as long as the terms are not prohibited. Koch v. H & S Dev. Co., 249 Miss. 590, 629, 163 So.2d 710, 727 (1964) (“Provided it is not illegal or against public policy, persons have and should have the right to contract with reference to their property, their interests therein, and the use thereof with other persons, and to rely upon the terms and conditions of the contract mutually agreed upon.”). The majority accuses my dissent of opening the door to any and all exclusions, but then itself potentially closes the door to all exclusions and fails to explain how, under the principle of law established, the exclusions I cite can remain valid. Because what exclusions to allow, if any, is the province of the Legislature, and the statutes in question are silent, I believe the better course is to allow the Legislature to make the substantive law on the question rather than the Court.
¶ 32. I can find nothing in the Legislature’s enactments requiring liability insurance that prohibits policy exclusions or, to use the majority’s language, requires a vehicle to be insured under every circumstance and at all times it is being operated within the state. What does exist is the requirement that a policy of liability insurance be attached to each vehicle being operated within the state, and that the policy have liability limits of $25,000 per person and $50,000 per accident. The car at issue had such a policy attached to it.
¶33. The majority’s expansion of the phrase “liability limits,” found in Section 63-15-4(a)(2), beyond the dollar amounts of the policy limits lacks support from the undisputed facts of the case before the Court and from the relevant statutes. Liability limits and exclusions are two separate insurance policy items, and while the statutes provide explicit, mandatory dollar-amount requirements for the former, they remain silent as to the latter. Accordingly, I respectfully dissent.
RANDOLPH, P.J., JOINS THIS OPINION.