639 So.2d 901 (1994)
Rayford SPROUSE
v.
MISSISSIPPI EMPLOYMENT SECURITY COMMISSION.
No. 92-CC-01066.
Supreme Court of Mississippi.
June 23, 1994.
Rehearing Denied August 4, 1994.
Edwin Woods, Central MS Legal Services, Vicksburg, for appellant.
Fred J. Lotterhos, Jr., Employment Security Commission, Jackson, for appellee.
Before DAN M. LEE, P.J., and McRAE and SMITH, JJ.
McRAE, Justice, for the Court:
Rayford C. Sprouse appeals the decision of the Attala County Circuit Court which upheld the finding of the Mississippi Employment Security Commission that he was not entitled to unemployment benefits. He raises the following issue:
The circuit court erred in affirming the Mississippi Employment Security Commission's *902 denial of unemployment benefits based on the holding that Sprouse's actions constituted misconduct.
We find that the circuit court erred in affirming the decision of Mississippi Employment Security Commission. Sprouse's actions did not constitute misconduct since they were neither willful and wanton nor culpably negligent; his acts were merely ordinary negligence. We reverse the circuit court's judgment, hold that Sprouse is eligible for unemployment compensation benefits and remand this cause to the Commission for further hearing consistent with this opinion.

FACTS
Rayford Sprouse was employed as a fork lift operator for Jack Post Corporation approximately four years. The events which led to Sprouse's termination began on January 28, 1992, when he received a three day suspension due to his carelessness in operating a forklift which resulted in running over an employee's foot. The suspension notice indicated that if such carelessness should occur again, he would be terminated from his employment. On March 12, 1992, Sprouse, while operating the fork lift, again ran over the foot of another employee and was thereupon discharged.
Sprouse testified that after placing the materials that he was transporting in the proper place, he positioned the forklift in reverse. According to Sprouse, after checking and seeing no obstructions or persons in his path, he began to move backwards. After moving backwards about two feet, Sprouse heard someone scream. This person, Lawrence Rayford, was later treated for a sprained muscle in his foot. Sprouse testified that Rayford, for reasons unknown, had apparently bent down to shut off the forklift's fuel supply and it would have been impossible for anyone to see him in such a crouched position.
Sprouse applied for unemployment benefits, and on April 9, 1992, his initial claim was denied due to the fact that he was discharged for misconduct connected with his work. Sprouse filed his notice of appeal to the appeals referee on April 13, 1992. Sprouse and Jack Post Personnel Manager Denise Rigby appeared before the appeals referee and testified. The appeals referee reversed the decision of the claims examiner and held that Sprouse's actions did not rise to the level of misconduct as his actions were not a deliberate and wanton disregard of his employer's interests.
On May 19, 1992, Jack Post appealed to the Mississippi Employment Security Commission (hereinafter "MESC"). No additional hearings were conducted, and on July 9, 1992, MESC reversed the appeals referee's decision and reinstated the initial determination of the claims examiner. Sprouse appealed to the Attala County Circuit Court, and on August 31, 1992, the circuit court affirmed the decision of the commission. From that decision, Sprouse perfected this appeal.

STANDARD OF REVIEW
This Court's standard of review of an administrative agency's findings and decisions is well established. An agency's conclusions must remain undisturbed unless the agency's order 1) is not supported by substantial evidence, 2) is arbitrary or capricious, 3) is beyond the scope or power granted to the agency, or 4) violates one's constitutional rights. Mississippi Commission on Environmental Quality v. Chickasaw County Board of Supervisors, 621 So.2d 1211, 1215 (Miss. 1993); Mississippi Employment Security Commission v. PDN, Inc., 586 So.2d 838, 840 (Miss. 1991). A rebuttable presumption exists in favor of the administrative agency, and the challenging party has the burden of proving otherwise. United Cement Company v. Safe Air for the Environment, 558 So.2d 840, 842 (Miss. 1990). Lastly, this Court must not reweigh the facts of the case or insert its judgment for that of the agency. Mississippi Public Service Commission v. Merchants Truck Line, Inc., 598 So.2d 778, 782 (Miss. 1992).

DISCUSSION OF LAW

DID THE CIRCUIT COURT ERR IN AFFIRMING THE MISSISSIPPI EMPLOYMENT SECURITY COMMISSION'S DENIAL OF UNEMPLOYMENT BENEFITS BASED ON THE HOLDING THAT SPROUSE'S ACTIONS CONSTITUTED MISCONDUCT?
The underlying purpose of implementing employment security law in Mississippi *903 is to protect those workers not permitted to continue employment through no fault of their own. Mississippi Employment Security Commission v. Gaines, 580 So.2d 1230, 1234 (Miss. 1991); Mississippi Employment Security Commission v. Fortenberry, 193 So.2d 142, 144 (Miss. 1966). The burden of proving disqualifying misconduct by clear and convincing evidence rests with the employer. Gore v. Mississippi Employment Sec. Comm'n, 592 So.2d 1008, 1010 (Miss. 1992). Mississippi Code Ann. § 71-5-513 (1972) provides that an "individual shall be disqualified for benefits ... [if] he was discharged for misconduct with his work, if so found by the commission...." Miss. Code Ann. § 71-5-513 (1972). Since the facts of the case at hand are not in dispute, the question to answer is whether Allen's actions, as a matter of law, can be considered misconduct under Mississippi's law.
The term misconduct as applied in Mississippi's unemployment law has been defined by this Court as "conduct evincing willful and wanton disregard of the employer's interest" not encompassing "[m]ere inefficiency [or] unsatisfactory conduct ... as a result of ... good faith errors in judgment or discretion ..." Wheeler v. Arriola, 408 So.2d 1381, 1383 (Miss. 1982). See Booth v. Employment Sec. Comm'n, 588 So.2d 422, 425-26 (Miss. 1991).
In Employment Sec. Comm'n v. Phillips, 562 So.2d 115 (Miss. 1990), this Court addressed the question as to what constitutes misconduct and held:
The Legislature has afforded no definition of misconduct, although quite apparently the statute imports an objective standard. The end of law is individual and hence societal adherence to external standards. It follows that questioned acts must be judged by like standards, even where expressed in language so open textured as "misconduct connected with his work." We have fleshed out the term in a series of cases beginning with Wheeler v. Arriola, 408 So.2d 1381, 1383 (Miss. 1982). See also Miss. Employment Sec. Commission v. McGlothin, 556 So.2d 324 (Miss. 1990); Shannon Engineering and Construction v. Miss. Employment Sec. Commission, 549 So.2d 446 (Miss. 1989); Piggly Wiggly v. Miss. Employment Sec. Commission, 465 So.2d 1062 (Miss. 1985); Miss. Employment Sec. Commission v. Borden, Inc., 451 So.2d 222 (Miss. 1984). Misconduct imports conduct that reasonable and fair-minded external observers would consider a wanton disregard of the employer's legitimate interests. Something more than mere negligence must be shown, although repeated neglect of an employer's interests may rise to the dignity of misconduct. See Borden, 451 So.2d at 225.
Phillips, 562 So.2d at 118. Sprouse argues that reasonable and fair-minded observers could not classify his acts of negligence as a wanton disregard of Jack Post's interests. Sprouse contends that his acts may have been sufficient, in the eyes of his employer, to terminate him from employment, but such acts do not rise to the level of disqualifying misconduct so that he is not eligible to receive unemployment benefits. We agree.
Sprouse's acts cannot, as a matter of law, constitute misconduct. The record lacks evidence of wrongful intent or evil design. There is no indication in the record whatsoever that Sprouse's negligence would import a wanton disregard of his employer's interests in the mind of a reasonable person. At worst, Sprouse's acts on January 28, 1992 and March 12, 1992 were inadvertences or isolated instances of ordinary negligence. Sprouse testified that in both instances he looked to see if his path was clear. Sprouse had worked for Jack Post for four years and had only one reprimand concerning his operation of the forklifts prior to his termination. As we have stated that "failure in good performance as the result of inability or incapacity, or inadvertences and ordinary negligence in isolated incidents ... [are] not considered `misconduct' within the meaning of the statute," Sprouse should not be denied unemployment benefits. Arriola, 408 So.2d at 1383.
We hold that the MESC's determination that Sprouse's actions were misconduct, so as to deny him benefits, is not supported by substantial evidence. Therefore, the lower court's judgment is reversed, thus entitling Sprouse to receive unemployment compensation *904 benefits. This cause is remanded to the Commission for further hearing consistent with this opinion.
REVERSED AND REMANDED TO THE MISSISSIPPI EMPLOYMENT SECURITY COMMISSION FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.
DAN M. LEE, P.J., and SULLIVAN, BANKS and SMITH, JJ., concur.
PRATHER, P.J., dissents with separate written opinion joined by HAWKINS, C.J., and PITTMAN and JAMES L. ROBERTS, Jr., JJ.
PRATHER, Presiding Justice, dissenting:
With all due respect to the majority, I, in good conscience, cannot agree with the majority's holding in this case. It is my opinion that the decision of the Attala County Circuit Court should be affirmed. Accordingly, I dissent.
While I agree with the rendition of the law expressed by the majority. The majority's failure to find that the employee's actions constituted "misconduct" requires my dissent. In the instant case, Rayford Sprouse had been given two written warnings concerning his careless operation of his fork lift. In fact, on January 28, 1992, Sprouse was suspended from work for three (3) days due to his careless operation of his fork lift which resulted in the injury to a fellow employee. Also, on March 12, 1992, the day of his termination, Sprouse ran over the foot of another employee while operating his fork lift. Sprouse adamantly denies intentionally running over anyone with his fork lift. While this may be entirely true, in my opinion his conduct in operating his fork lift in such a manner evidences, "carelessness and negligence of such degree, or recurrence thereof, as to manifest culpability, wrongful intent or evil design, and showing an intentional or substantial disregard of the employer's interest or of the employee's duties and obligations to his employer."[1]
Employers, such as Jack Post Corporation, have a legitimate and significant interest in providing their employees as safe a work-place as possible. Such careless operation of machinery as occurred in the instant case cannot be tolerated. Sprouse was given repeated warnings about his careless operation of his fork lift. It was fortunate that no one was seriously injured as a result of Sprouse's actions. However, the fact that no one was seriously injured should not affect the result of this case. When an employer entrusts machinery, such as a fork lift, to an employee, that employer has a right to expect that the employee will exercise due care in the operation of that piece of machinery. In my opinion, there was more than sufficient evidence for the Mississippi Employment Security Commission to conclude that the actions of Sprouse did rise to the level of "misconduct." Therefore, I would affirm the decision of the Attala County Circuit Court.
HAWKINS, C.J., and PITTMAN and JAMES L. ROBERTS, Jr., JJ., join this opinion.
NOTES
[1] Wheeler v. Arriola, 408 So.2d 1381, 1383 (Miss. 1982) (citing Boynton Cab Co. v. Neubeck, 237 Wis. 249, 296 N.W. 636 (1941)).