McMILLIN, C.J.,
for the Court:
¶ 1. This case comes before this Court on appeal of one issue, that being whether the claimant, Jan Ratcliff, was chargeable with employee misconduct that disqualified her for unemployment benefits payable through the Mississippi Employment Security Commission (MESC). The specific allegation was that she falsified her application for employment. The Commission denied benefits; however, on appeal to the circuit court, that decision was reversed. We reverse the decision of the circuit court, thereby reinstating the decision of the MESC Board of Review to deny Rat-cliff unemployment benefits.
I.
Facts
¶ 2. Jan Ratcliff was employed in the cash office of the Target store in Jackson. She was discharged for violation of company policy shortly after being hired when Target learned that she had worked in both full-time and part-time positions with Wal-Mart until shortly prior to her hire date with Target but had failed to disclose that information on her employment application.
¶ 3. The application completed by Rat-cliff in 1995 had only three spaces for applicants to write in their previous employment. Ratcliff reported three previous employers in these blanks and then added a fourth — her job at the time of application — by making an insertion in a space immediately above the provided blanks. None of the entries, extending back as far as 1975, related to her recent employment at Wal-Mart, which had consisted of both part-time and full-time employment lasting several years and ending in 1994. Ratcliff said she omitted the Wal-Mart job because it did not illustrate her experience in store management, which was the type of position she was pursuing with Target. She contended that she did not intend to deceive Target but was only doing what she thought would best inform Target of her relevant work experience within the limits of the available space on the application.
¶ 4. Target presented evidence that Rat-cliff at first said that she omitted Wal-Mart because it had not been full-time employment, and that her explanation had changed only after Target’s own inquiry revealed that Ratcliff had been a full-time employee for a substantial part of her time at Wal-Mart.
¶ 5. The Commission denied Ratcliffs application for unemployment benefits based on a finding that this purposeful omission was disqualifying misconduct under the explicit terms of published company policy. However, the circuit court reversed the Commission’s decision, suggesting that Target had failed to clearly explain to Ratcliff her obligation in filling out the application or to fully inform her of the consequences of an omission of this nature. The court also concluded that Ratcliff had offered “a good explanation for failing to list Wal-Mart....” For those reasons, the court determined that Ratcliffs decision to omit a previous employer did not rise to the level of misconduct that would disqualify her from benefits.
¶ 6. The Commission perfected its appeal of the circuit court’s decision to this Court.
I.
A Preliminary Matter
¶ 7. Ratcliff, as the appellee before this Court, did not file a brief in opposition to the Commission’s brief. Though there is authority that failure to file a brief can be considered as a confession of error (See, e.g., Snow Lake Shores Property Owners Corp. v. Smith, 610 So.2d 357, 361 (Miss.1992)), it is also the case that the lower tribunal may be affirmed in such situations if the reviewing court is convinced, after reviewing the record, that there was no error in the decision. Selman v. Selman, 722 So.2d *597 547(¶ 13)(Miss.l998). Because the circuit court sat as an intermediate appellate court in this instance, we apply the rule to the decision of the Commission and not that of the circuit court.
¶ 8. Because entitlement to unemployment compensation is a benefit that could reasonably be expected to increase in importance to the applicant in inverse proportion to that person’s ability to retain legal counsel to pursue a contested claim through multiple statutorily-mandated reviews, we decline to decide Ratcliffs appeal on a procedural bar and, instead, undertake a review of the record before the Commission to determine whether we agree that the Commission erred.
II.
The Scope of our Review
¶ 9. This Court’s standard of review of an administrative agency’s findings and decisions is substantially limited. An agency’s conclusions must remain undisturbed unless the agency’s order 1) is not supported by substantial evidence, 2) is arbitrary or capricious, 3) is beyond the scope or power granted to the agency, or 4) violates the claimant’s constitutional rights. Sprouse v. Mississippi Employment Sec. Comm’n, 639 So.2d 901, 902 (Miss.1994).
III.
Discussion
¶ 10. The application for employment filled out by Ratcliff concluded with three paragraphs of printed matter that were preceded by a bold letter caption reading “IMPORTANT — PLEASE READ CAREFULLY.” One of those three paragraphs reads as follows:
Please answer every question on this application completely and accurately without concealing or omitting any information. If you do not, and you are hired, you could lose your job regardless of length of employment.
¶ 11. Additionally, Target’s employment manual set up a graduated disciplinary system for employees that included a number of offenses that were classified as “gross misconduct” for which the first step penalty was termination. Among those offenses constituting gross misconduct in the eyes of Target was the following:
The falsification of a company document or a document relied upon by the company, by knowingly omitting or falsely including material information. Such documents include: employment applications....
¶ 12. Disqualifying misconduct, for purposes of determining eligibility for unemployment compensation, was defined in Wheeler v. Arriola as being “conduct evincing such willful and wanton disregard of the employer’s interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect from his employee.” Wheeler v. Arriola, 408 So.2d 1381, 1383 (Miss.1982).
¶ 13. It is reasonable to assume that previous employment can have a substantial impact on an employer’s decision to hire. The nature of that prior work suggests those skills that an employee may have already acquired through experience that will be brought to the new job. Additionally, this information permits a prospective employer to investigate the employee’s abilities and trustworthiness. The importance of this information to Target is suggested by the emphasis it placed on a prospective employee’s obligation to make an accurate disclosure in printed material furnished to Ratcliff, not once but twice. In that light, it is impossible to find support in this record for the circuit courts’ conclusion that Target was not clear in stressing to Ratcliff the importance of accuracy in disclosing previous employment.
¶ 14. As to the circuit court’s conclusion that Ratcliff offered a plausible explanation for omitting her prior employment at Wal-Mart, we find this an improper focus *598 of the court’s attention. The full disclosure of previous employment history may, depending on the particular facts, prove critical to the employer’s hiring decision. It is not for the prospective employee to ignore clear directions by picking and choosing among those previous jobs that the applicant is willing to disclose, no matter how well-intentioned such an effort might be.
¶ 15. Neither does Ratcliff benefit from the fact that a Target employee testifying at the hearing indicated that, had Ratcliff disclosed Wal-Mart as a prior employer, it was likely that Wal-Mart would not have been contacted for information concerning Ratcliffs suitability for employment. Whether or not, in a particular case, an accurate report of previous work history would trigger further investigation does not determine the legitimacy or the importance of the requirement for disclosure. Target, as a prospective employer, had the right to require such information from all applicants so that it would be readily available in those instances where it might, for any number of reasons, prove important in the decision making process.
¶ 16. A reviewing court, whether the circuit court sitting in an appellate capacity or this Court acting when further judicial review is sought, is not at liberty to substitute the court’s opinion of a fair result for that reached by the administrative body. Mississippi Comm’n on Evntl. Quality v. Chickasaw County Bd. of Supervisors, 621 So.2d 1211, 1216 (Miss.1993). So long as there is substantial evidence in the record supporting the decision of the administrative body — in this case, the Mississippi Employment Security Commission acting through its statutorily-mandated Review Board — the reviewing judicial authority’s obligation is to affirm. Id. ■
¶ 17. There was substantial evidence in the record to support the proposition that Ratcliffs decision not to disclose a recent employment in the face of stern printed warnings against that course of action was the kind of misconduct for which she could be denied unemployment compensation benefits. By reversing the decision of the Commission, the circuit court substituted its own opinion of the proper outcome of the matter for that of the body charged by law with making that decision. That is not within the proper scope of judicial review and we, therefore, set that determination aside and reinstate the decision denying Ratcliffs entitlement to benefits.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF LINCOLN COUNTY REVERSING THE DECISION OF THE BOARD OF REVIEW OF THE MISSISSIPPI EMPLOYMENT SECURITY COMMISSION IS REVERSED AND RENDERED AND THE DECISION OF THE BOARD OF REVIEW IS REINSTATED IN FULL FORCE AND EFFECT FROM THE DATE OF ITS ISSUANCE.
KING AND SOUTHWICK, P.JJ., BRIDGES, DIAZ, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.