KING, P.J., for the court.
¶ 1. Richard E. Martin, Jr., a firefighter with the City of Vicksburg, was suspended from his job after the City became aware of certain hunting violations. Martin was charged with hunting deer while his license was revoked and had previously been convicted of headlighting and killing a deer. Martin was reinstated after the most recent hunting charge was dismissed. His reinstatement was subject to certain conditions, including no back pay for the suspension, one year’s probation and a doctor’s release to return to work after a recent injury to his wrist. Martin appealed the decision of the mayor and alderman to the Vicksburg Civil Service Commission, which affirmed. Martin’s appeal to the circuit court was also affirmed. He has perfected this appeal to this Court.
¶ 2. Martin argues that his initial suspension, purportedly based upon his arrests and the failure to report these arrests, was not made in good faith and was without good cause. He also argues that the conditional reinstatement was not made in good faith and was without good cause. This Court finds no error and affirms.
FACTS
¶ 3. Martin had been employed by the Vicksburg Fire Department since October 1997. By letter dated November 9, 2000, he was suspended from that position based on his arrest by the Department of Wildlife, Fisheries and Parks for hunting deer without a license in Warren County and *193 his failure to report a prior arrest and conviction for headlighting deer in December 1999.
¶ 4. On November 17, 2000, Martin requested a review of the decision to suspend him by the Civil Service Commission of Vicksburg. Prior to the hearing before the Commission, the County Court of Warren County dismissed the charge of hunting without a license. The county court dismissed the charge based on the lack of a search warrant. The county court also held that the December 1999 arrest and conviction was not sufficient for enhancement purposes based on the court’s finding that Martin was not represented by counsel and had never appeared in court in Issaquena County. If Martin had been convicted of his second hunting law violation he could have been sentenced to thirty days in jail.
¶ 5. By letter dated January 10, 2001, Martin was reinstated conditioned on no back pay for the suspension, probation of one year, and a statement by a physician of fitness to return to work. The basis of these conditions was the City’s contention that Martin’s December 1999 “arrest, conviction and the omission of notifying the Fire Department is clearly conduct unbecoming of a city employee.”
¶ 6. Thereafter, Martin appealed this decision to the Civil Service Commission, which held a hearing on or about February 14, 2001. The Commission affirmed the actions of the mayor and board of aider-man. On appeal to the Circuit Court of Warren County, the court affirmed the decision of the Commission by order dated February 6, 2002. Martin now appeals that decision to this Court.
DISCUSSION
¶ 7. On review, this Court looks to whether the decision of an administrative agency was unsupported by substantial evidence, was arbitrary and capricious, was beyond the power of the agency to make, or violated some statutory or constitutional right of the complaining party. Mississippi Comm’n on Envtl. Quality v. Chickasaw County Bd. of Supervisors, 621 So.2d 1211, 1215 (Miss.1993). Appellate review of an agency decision is limited to the record and the agency’s findings. Id. at 1216. The reviewing court cannot substitute its judgment for that of the agency or re-weigh the facts of the case. Sprouse v. Mississippi Employment Sec. Comm’n, 639 So.2d 901, 902 (Miss.1994).
I. WHETHER THE INITIAL SUSPENSION OF THE ■ APPELLANT WAS. NOT MADE IN GOOD FAITH AND WAS WITHOUT -GOOD CAUSE
¶ 8. Martin was initially suspended based on assertions that his arrests and failure to report these arrests constituted “conduct unbecoming as an employee on or off duty and a violation of City policy.” Specifically, Martin was charge with violating sections 12.14 and 12.3.4E of the Vicksburg Fire Department’s Standard Operating Guidelines.
¶ 9. Martin argues that under the rules a conviction is required before he can be suspended. He also asserts that when the charges were dismissed against him and his former conviction ruled a nullity by the county court that any grounds for his suspension were destroyed and that he should have been reinstated unconditionally. Martin also argues that Miss.Code Ann. § 21-31-23 (Rev.2001) is applicable. This section states that permanently appointed civil service employees may not be “removed, suspended, demoted or discharged, or any combination thereof, except for cause.”
*194 ¶ 10. Both Martin and the Commission agree that section 12.3.4E specifically provides that disciplinary action can be taken where “the employee has been convicted of a felony or misdemeanor.” In this case, Martin had a previous conviction of head-lighting deer in Issaquena County, separate from the charge of hunting without a license in Warren County. Although the county court in Warren County dismissed the charges against Martin based on the lack of a search warrant and found that his previous conviction could not be used for enhancement purposes, Martin in his testimony before the Commission did not dispute the facts surrounding his conviction in Issaquena County in December 1999.
¶ 11. Here there is no basis for a finding that the decision of the mayor and alderman was without factual basis and therefore arbitrary or capricious. As the circuit court found, “the evidence was sufficient to justify the actions of the City.”
II. WAS THE CONDITIONAL REINSTATEMENT OF APPELLANT MADE IN GOOD FAITH OR WITHOUT GOOD CAUSE?
¶ 12. In his second assignment of error, Martin continues to argue that his suspension was improper without a conviction, not just pending litigation or prosecution. He contends that when the charges against him were dismissed and the “previous conviction ... ruled a nullity by the trial judge, any possible grounds for Appellant’s suspension were destroyed.”
¶ 18. Martin argues that the conditions placed on his reinstatement were in bad faith “as the rules and regulations do not require the reporting of an arrest or conviction, .nor do the rules state that the arrest, by itself, is grounds for suspension or other corrective action.”
¶ 14. As in his previous argument, Martin fails to acknowledge that he was convicted of a misdemeanor hunting charge in Issaquena County in December 1999. In his testimony before the Commission, Martin affirmed that there was a factual basis for this conviction and that he continues to the pay the fine for that conviction. In addition to the fine, Martin stated that his hunting license was revoked for a three year period.
¶ 15. It was suggested by Martin’s counsel that the Warren County County Court declared this prior conviction to be a nullity for more than enhancement purposes. We know of no authority by which the County Court of Warren County could void or “declare a nullity” a judgment rendered some three years earlier in another court in another county.
¶ 16. Part' of the argument is that Martin should have told his supervisors about his prior conviction on hunting charges. Martin contends that he did tell someone at the fire department. There was testimony from others that they were unaware of this prior conviction. There was also a dispute as to whether the fire department’s rules required an employee to self report-a misdemeanor conviction. While there was no separate finding on this issue by the Commission, its ruling that the City “ruled in good faith and for cause” is sufficient. We therefore conclude that there was good cause to find that Martin independently exhibited “conduct unbecoming of a city employee” by virtue of his violations of the state’s hunting laws, including a misdemeanor conviction.
¶ 17. Based on the record before the Court, we find that there was more than sufficient grounds for the City to place conditions on Martin’s reinstatement.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF WARREN COUNTY IS AFFIRMED. ALL COSTS OF *195 APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., SOUTHWICK, P.J, BRIDGES, THOMAS, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR. LEE, J., NOT PARTICIPATING.