LEE, P.J.,
 

 for the Court.
 

 PROCEDURAL HISTORY
 

 ¶ 1. Rondell Young was suspended for three days without pay from his job as a code-enforcement administrator for the City of Biloxi. Young appealed the disciplinary action to the City of Biloxi Civil Service Commission (Commission). The Commission upheld the suspension. Young then appealed to the Harrison County Circuit Court, which affirmed the decision of the Commission.
 

 ¶ 2. Young now appeals, asserting the following issues: (1) the actions of the Commission were not made in good faith for cause, and (2) the Commission erred in finding that he failed to satisfy his burden of proof by either testimony or written materials. Finding no error, we affirm the decision of the Commission.
 

 FACTS
 

 ¶ 3. Young has been employed by the City of Biloxi for approximately thirty-one years. At the time of the suspension, he was serving in the Community Development Department as a code-enforcement administrator. Young’s job was to perform residential-building inspections.
 

 ¶ 4. Caryle Draper, a building-permit clerk with the Community Development Department, received a phone call from a customer inquiring about a requested inspection. At the time, Draper was assisting customers at the counter and answering telephone calls. Draper called Young over the radio system to ask him if he was going to do the inspection that day. She testified as follows regarding Young’s response:
 

 [H]e stated that he did not know when he was going to get it because he had just spent an hour and-a-half with [another customer], who was not happy and had written a letter to the Mayor and he was probably going to write two more letters to the Mayor. So he did not know when the inspection would be done. And I went back to my desk and sat down with the radio and he continued to talk and the phone was ringing and I had a customer at the counter, two gentlemen were standing there and someone behind them and he was talking about what was going on and like I said I did not catch all the information. And he said he did not know when he was going to get to it and if they did not like it they could kiss his ass.
 

 ¶ 5. Young was suspended for using profanity over the radio. At the hearing, Young denied making the statement and called into question Draper’s credibility. Draper testified that she was sure she heard Young correctly because “[she] had to endure what the customer said to [her] after the comment was made.” She stated that she “was more embarrassed by [the comment from the customer] then [sic] anything.” A hearsay objection was sustained, and the comment made by the customer was not repeated by Draper. Draper testified that the radio “stays on speaker at all times unless someone requests us to go to private.”
 

 ¶ 6. The incident was reported to Jerry Creel, the Community Development Director. Creel questioned Draper about the incident and requested that she prepare a written report. Creel called Young into his office and asked Young whether he
 
 *1271
 
 made the comment over the radio. Young stated that he did not remember. Creel then gave Young a notice of intent to initiate disciplinary action. Creel recommended a three-day suspension pursuant to Civil Service Regulation 10.01(a)(2), which states, in part, that an employee can be suspended without pay for “[c]onduct detrimental to the department or City including dishonesty, intemperance, immoral conduct, insubordination, discourteous treatment of the public or a fellow employee, or any other act of omission or commission tending to injure the public service.” The recommendation was approved by the Director of Administration for the City of Biloxi David Staehling and Biloxi Mayor A.J. Holloway.
 

 STANDARD OF REVIEW
 

 ¶ 7. The civil service commission reviews the employment decisions of a city to remove, suspend, demote, or discharge a civil service employee. Miss.Code Ann. § 21-31-23 (Rev.2007). A city’s disciplinary action may be reversed if it was made for political reasons, religious reasons, or was not made in good faith for cause.
 
 Id.
 
 An administrative agency’s conclusions will not be overturned on appeal “unless the agency’s order 1) is not supported by substantial evidence, 2) is arbitrary or capricious, 3) is beyond the scope or power granted to the agency, or 4) violates one’s constitutional rights.”
 
 Sprouse v. Miss. Employment Sec. Comm’n,
 
 639 So.2d 901, 902 (Miss.1994).
 

 DISCUSSION
 

 I. GOOD FAITH
 

 ¶ 8. Young argues that his suspension was not made in good faith for cause; rather, it was based on a pattern of behavior toward Young by Creel. Young alleges that the motive for his suspension stemmed from memoranda exchanged between himself and Creel in July 2006.
 

 ¶ 9. Young testified that since Creel assumed his position as director, the two have had disagreements over inspections. Young alleges that Creel’s actions in overruling his decisions on inspections and not following proper procedures led him to write the memoranda. The first memorandum Young gave to Creel pointed to specific instances where Young had failed two inspection sites, and the contractors contacted Creel who overturned Young’s decisions. The second memorandum concerned the order in which the inspections were performed. Creel’s response stated, in part, that:
 

 You are a good inspector, but I cannot help but be amazed at your willingness to listen to, and readily believe, one side of an issue without thoroughly checking to see if a situation is true and how it may have evolved. Knee jerk reactions to one-sided information and writing disrespectful memos is both unprofessional and immature.
 

 ¶ 10. Young next argues that Creel’s treatment toward him regarding leave time shows that the suspension was not in good faith. In October 2000, Young was appointed to serve on the Harrison County Planning and Zoning Commission. Young obtained approval from his superiors prior to accepting the appointment. The job required him to attend a three-hour meeting once a month. On September 8, 2006, Creel held a staff meeting wherein he addressed the approval of leave for non-city related functions. Following the meeting, Young submitted a request for leave for three hours for the Planning and Zoning Commission meeting. Creel approved the request but only “if [Young’s] inspections are caught up at time of meeting.” Young argues that this shows that he was singled out by Creel because as a building inspec
 
 *1272
 
 tor, his responsibilities accumulate daily and are never caught up. Young attended the meeting and later received a letter of reprimand because all of his inspections were not current. This letter was received on the same day as the suspension letter.
 

 ¶ 11. Young next argues that Creel wrongfully suspended him based on unverified information from Draper. Young argues that Draper had no credibility because she did not produce the identities of the customers who allegedly overheard the comment. Draper testified at the hearing that she had no doubt that she heard the comment correctly. Further, Civil Service Regulation 10.01(a)(2) authorizes suspension without pay for “discourteous treatment of the public or a fellow employee.” Therefore, it was not necessary for the customers who overheard the comment to be identified.
 

 ¶ 12. The job of this Court is to determine “whether or not, from an examination of the record there exists credible evidence substantiating the [Cjommission’s action.”
 
 Grant v. City of Columbus,
 
 812 So.2d 976, 978(¶ 6) (Miss.2002). “[T]his Court must not reweigh the facts of the case or insert its judgment for that of the agency.”
 
 Allen v. Miss. Employment Sec. Comm’n,
 
 639 So.2d 904, 906 (Miss.1994). Creel testified repeatedly that Young was disciplined for using profanity over the radio. Draper testified that she was sure she heard Young’s comment correctly. We find that sufficient evidence was presented for the Commission to find that it was Young’s inappropriate comment, not the memoranda, that led to the suspension. Therefore, we find that this issue is without merit.
 

 II. SUBSTANTIAL EVIDENCE
 

 ¶ 13. Young argues that the decision of the Commission was not based on substantial evidence. Young asserts that the evidence he presented at the hearing before the administrative law judge was sufficient to show that the decision of the Commission should be reversed.
 

 ¶ 14. In support of his allegations that the City’s actions were not in good faith, Young presented the testimony of two fellow employees who stated that they had never received any conditions on their leave-request forms. Young also called Patricia Rose to testify as to Draper’s credibility. Rose testified as follows:
 

 I had one incident where [Draper] had come up to the counter and just out of the blue had said that I had said something that I hadn’t. And so I went to Mr. Creel and told him I said, “I just want to make you aware of the fact I didn’t say what she said I said.” ... He said, “Well, don’t worry about it. You know I know how she is.... ”
 

 ¶ 15. Young also attempted to call Bill Prince as a witness, but the Commission did not allow Prince to testify because Young failed to give timely notice that he would be called as a witness. Young argues that the exclusion of this testimony was unduly prejudicial and resulted in an unfair hearing. A proffer was made at the hearing that Prince had been the city building official from 1988 to 2005, and during that time, he never heard Young use profanity on the radio. Young himself testified that he never used profanity over the radio, and we cannot find that the absence of Prince’s testimony prejudiced Young.
 

 ¶ 16. Despite the evidence presented by Young, we find that the Commission had substantial evidence to find that Young’s suspension was not based on political or religious reasons and was made in good faith for cause. The Commission conducted a thorough investigation and held a
 
 *1273
 
 public hearing, which lasted approximately seven hours. We find substantial evidence in the record to support the Commission’s findings. Therefore, we find that this issue is without merit.
 

 ¶ 17. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., MYERS, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.