# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-00867-COA

**BILLY DALE HILL A/K/A BOBBY HILL A/K/A BILLY HILL**                     APPELLANT

**v.**

**STATE OF MISSISSIPPI**                                                                APPELLEE

DATE OF JUDGMENT:                05/15/2014
TRIAL JUDGE:                          HON. MARGARET CAREY-MCCRAY
COURT FROM WHICH APPEALED:    SUNFLOWER COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:       BILLY DALE HILL (PRO SE)
ATTORNEY FOR APPELLEE:         OFFICE OF THE ATTORNEY GENERAL
                                      BY: ANTHONY LOUIS SCHMIDT JR.
NATURE OF THE CASE:            CIVIL - OTHER
TRIAL COURT DISPOSITION:       DENIED APPELLANT'S MOTION TO
                                      ENFORCE SENTENCE OR, IN THE
                                      ALTERNATIVE, TO CLARIFY SENTENCE
DISPOSITION:                       APPEAL DISMISSED - 05/19/2015
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE IRVING, P.J., CARLTON AND FAIR, JJ.**

**CARLTON, J., FOR THE COURT:**

¶1.     After the Mississippi Department of Corrections (MDOC) rendered a final decision

on August 10, 2012, denying his request for earned-time credit, Billy Dale Hill filed an

appeal with the Calhoun County Circuit Court on October 26, 2012.  The Calhoun County

Circuit Court determined that the Sunflower County Circuit Court possessed jurisdiction and

transferred the cause to that court for disposition.  The Sunflower County Circuit Court

entered an order denying Hill's motion and affirming MDOC's decision.

¶2. Aggrieved by the circuit court's denial of his motion, Hill now appeals to this Court. However, upon finding that Hill failed to file his motion for judicial review of MDOC's decision within the thirty days allowed by Mississippi Code Annotated section 47-5-807 (Rev. 2011), we dismiss Hill's appeal.

**FACTS**

¶3. On October 24, 1977, Hill pled guilty to the offenses of murder and rape. The circuit court judge, sitting without a jury, sentenced Hill to life in prison for each crime, with the two sentences to run consecutively to one another. On September 22, 2011, the Mississippi Supreme Court entered an order holding that Hill's life sentence for rape was illegal. The supreme court's order vacated Hill's life sentence for rape and remanded the case to the Calhoun County Circuit Court for resentencing.

¶4. On remand from the supreme court, the circuit court entered an order on April 30, 2012, resentencing Hill to serve forty-four years for his rape conviction, as of October 24, 1977, in MDOC's custody. The circuit court further ordered that the forty-four-year sentence for rape was to run consecutively to Hill's life sentence for murder. Hill sought to have the time he served prior to the circuit court's order applied to his new sentence as earned-time credit. However, MDOC held that Hill was ineligible to receive earned-time credit on his rape conviction for the time he served before the circuit court's April 2012 resentencing order since he was then serving his life sentence for murder. MDOC therefore refused to credit the time Hill served between October 24, 1977, and the circuit court's hearing on April 24, 2012, to his newly imposed rape sentence.

2

¶5. Hill challenged MDOC's decision through the agency's Administrative Remedy Program (ARP). On August 10, 2012, MDOC issued a "Second Step Response Form" containing its final decision denying Hill's appeal.[1] The response form stated that Hill had fulfilled the requirements of the ARP and was eligible to seek judicial review of MDOC's decision within thirty days of receiving the form. As the record reflects, Hill signed and dated the form on August 10, 2012.

¶6. Two months later, on October 10, 2012, Hill signed his motion for judicial review of MDOC's decision, and then several days later, on October 26, 2012, he filed his motion with the Calhoun County Circuit Court. Hill's motion sought enforcement of the forty-four-year sentence the circuit court imposed during Hill's resentencing for his rape conviction. Alternatively, the motion sought clarification as to the statutes applicable to Hill's sentence and the start date of his sentence. Hill asserted in his motion that he should be entitled to earned-time credit on his newly imposed sentence as though the sentence had originally been imposed on October 24, 1977.

¶7. Contrary to the actual sentencing order previously imposing consecutive sentences, the circuit court entered an order clarifying that Hill's forty-four-year sentence was to begin as of October 24, 1977.[2] The circuit court also ordered MDOC to respond to Hill's "request

___

[1] Although the document was titled "Second Step Response Form," the record indicates that the form was actually part of the third and final step in MDOC's administrative-remedy process.

[2] *Cf. Thompson v. State*, 734 So. 2d 210, 212-13 (¶¶8-10) (Miss. Ct. App. 1999) (discussing that the version of Mississippi Code Annotated section 99-19-21 applicable at the time of the defendant's indictment in January 1983 had been interpreted to mean that separate sentences should be served consecutively unless the court expressly ordered that

3

for clarification of why he should not be entitled to earned-time credit[.]" In its response to Hill's motion, MDOC asserted that, because Hill was still serving his life sentence for murder, he was not entitled to a reduction of the sentence for rape that he had not yet begun to serve. MDOC further noted that, due to the consecutive nature of Hill's sentences, he would not begin to serve his forty-four-year sentence for rape until or unless he had served his prior life sentence for murder.

¶8.     Finding that Hill now resided in Sunflower County, Mississippi, as an inmate of the Mississippi State Penitentiary and had exhausted his administrative remedies pursuant to the ARP, the circuit court transferred Hill's cause to the Sunflower County Circuit Court for disposition. Consistent with the decision of MDOC's ARP, the Sunflower County Circuit Court judge found that Hill was still serving the life sentence imposed for his murder conviction and would not begin serving the separate forty-four-year sentence for his rape conviction until he completed his sentence for murder. Because Hill had not yet begun to serve his separate forty-four-year sentence for rape, the circuit court judge found that Hill was ineligible to receive earned-time credit for that sentence. The circuit court judge entered an order upholding MDOC's decision after concluding that Hill failed to show the decision was "unsupported by substantial evidence; arbitrary or capricious; beyond the agency's scope or powers; or violative of the constitutional or statutory rights of the aggrieved party." *Griffis v. Miss. Dep't of Corr.*, 809 So. 2d 779, 782 (¶8) (Miss. Ct. App. 2002) (citation omitted).

¶9.     Hill next filed a motion for relief from the circuit court's judgment, requesting that

they be served concurrently).

4

the circuit court reconsider its denial of his motion to enforce or clarify his sentence. The circuit court found that Hill's motion for relief was not well taken and denied the motion. Aggrieved by the circuit court's order affirming MDOC's decision and denying his motion to enforce or clarify his sentence, Hill now appeals to this Court.

## DISCUSSION

¶10. Section 47-5-807 provides that "[a]ny offender who is aggrieved by an adverse decision rendered pursuant to any administrative[-]review procedure . . . may, within thirty (30) days after receipt of the agency's final decision, seek judicial review of the decision." The record reflects that Hill signed and dated a response form from MDOC on August 10, 2012, which informed Hill that he had completed the requirements of the ARP and now had thirty days to seek judicial review of MDOC's decision. However, the record establishes that Hill waited until October 26, 2012, to file his motion with the circuit court for judicial review of MDOC's decision.

¶11. As the record reflects, Hill filed his appeal to circuit court over two months after MDOC's decision and well outside the thirty-day time period stated by section 47-5-807. Our precedent provides that "[f]iling within the statutorily[ ]mandated time is jurisdictional." *Stanley v. Turner*, 846 So. 2d 279, 282 (¶11) (Miss. Ct. App. 2003) (citing *Edmond v. Anderson*, 820 So. 2d 1, 3 (¶8) (Miss. Ct. App. 2002)). As a result, we find that Hill's failure to timely seek judicial review of MDOC's decision bars his appeal. We also find that Hill's October 26, 2012 appeal to clarify his sentence was similarly not properly before the circuit court. We therefore dismiss Hill's appeal.

¶12.    **THIS APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SUNFLOWER COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, MAXWELL, FAIR AND JAMES, JJ., CONCUR.**