WESTBROOKS, J., FOR THE COURT: ¶ 1. Christopher Cratin, appearing pro se, appeals the Hinds County Circuit Court’s dismissal of Ijis grievance filed through the Mississippi Department of Corrections’ (MDOQ) Administrative Remedy Program (ARP). After review of the record, we vacate and remand to the circuit court for dismissal for lack of jurisdiction. FACTS AND PROCEDURAL HISTORY ¶ 2. In July 2008, Cratin was convicted of two counts of fondling and one count of sexual battery in the DeSoto County Circuit Court. Cratin was sentenced to concurrent fifteen-year terms for his convictions. Cratin is currently incarcerated in Issaquena County Correctional Facility. ¶ 3. Cratin filed his first grievance through MDOC’s ARP in April 2016, asserting that he was entitled to receive earned time, and that MDOC’s policy regarding the exclusion of sex-crime offenders from meritorious earned time (MET) violated state law. ¶ 4. In June 2016, Cratin received MDOC’s decision denying his ARP grievance. On the same day, Cratin sent a letter, addressed to the commissioner of MDOC, arguing that his ARP grievance was rejected without due consideration. MDOC rejected Cratin’s letter, stating it was a duplicate request. Cratin appealed MDOC’s ARP decision to the Hinds County Circuit Court. ¶ 5. In September 2016, the circuit court, entered an order of dismissal. The circuit court acknowledged that it was unsure whether it could exercise jurisdiction over Cratin’s complaint. Further, the circuit court stated if it could exercise jurisdiction over Cratin’s appeal, MDOC’s decision and policy prohibiting MET credit to sex offenders was not violative of state law. Cra-tin appeals. STANDARD OF REVIEW ¶ 6. This Court cannot disturb the decision of an administrative agency “unless the decision was unsupported by substantial evidence, was arbitrary 'or' capricious, was beyond the agency’s scope or powers, or violated the constitutional or statutory rights of the aggrieved party.” Clark v. Miss. Dep’t of Corr., 148 So.3d 403, 404 (¶ 5) (Miss. Ct. App. 2014) (citations omitted). “The standard of review for the trial court’s decision to affirm or deny an administrative agency’s findings and decisions is abuse of discretion.” Id. Moreover, “[w]hether the circuit court has jurisdiction is a question of law and is reviewed de novo.” Mangum v. Miss. Parole Bd., 76 So.3d 762, 765-66 (¶ 6) (Miss. Ct. App. 2011) (citations omitted). DISCUSSION Jurisdiction and Timeliness of Appeal ¶7. In his appeal to the circuit court, Cratin asserted that he properly served MDOC. However, MDOC argued that it had never been legally summoned and served through the Office of the Attorney General. ¶ 8. Pursuant to Mississippi Rule of Civil Procedure 4(d)(5), service of process “[u]pon the State of Mississippi or any one of its departments, officers[,] or institutions” is made by “delivering a copy of the summons and complaint to the Attorney General of the State of Mississippi.” M.R.C.P. 4. Cratin failed to comply with this rule. Therefore, we find that the circuit court lacked jurisdiction over Cratin’s appeal. ¶ 9. Notwithstanding the procedural bar, the circuit court acknowledged that Cratin’s appeal was also filed untimely. “Section 47-5-807 [of the Mississippi Code Annotated (Rev. 2015) ] provides that ‘any offender who is aggrieved by an adverse decision rendered pursuant to any administrative-review procedure may, within thirty (30) days after receipt of the agency’s final decision, seek judicial review of the decision.’ ” Hill v. State, 165 So.3d 495, 498 (¶ 10) (Miss. Ct. App. 2015) (alteration omitted) (quoting § 47-5-807). ¶ 10. The circuit court noted that Cratin’s ARP grievance was rejected on June 30, 2016, and an acknowledgment was also signed. However, Cratin’s appeal was not filed in the circuit court until September 23, 2016. The court also noted that it did not receive a copy of the mailed envelope demonstrating service of process and did not see a reason for the delay. “Our precedent provides that filing within the statutorily mandated time is jurisdictional.” Hill, 165 So.3d at 498 (¶ 11) (citation and quotation marks omitted). ¶ 11. Accordingly, we find that the circuit court did not have jurisdiction over Cratin’s appeal. Therefore, we vacate and remand to the circuit court for dismissal for lack of jurisdiction. ¶ 12. VACATED AND REMANDED. LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, FAIR, WILSON AND GREENLEE, JJ., CONCUR. CARLTON, J., CONCURS IN PART AND . . DISSENTS IN PART WITH SEPARATE WRITTEN OPINION, JOINED BY TINDELL, J.; GREENLEE, J., JOINS IN PART.