# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2018-CP-01235-SCT

*DONALD KEITH SMITH a/k/a DONALD SMITH*
*a/k/a DONALD K. SMITH*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/02/2018 |
| TRIAL JUDGE: | HON. ROBERT P. KREBS |
| COURT FROM WHICH APPEALED: | GREENE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DONALD KEITH SMITH (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: DARRELL CLAYTON BAUGHN |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | VACATED AND REMANDED - 03/26/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE KITCHENS, P.J., COLEMAN AND GRIFFIS, JJ.**

**GRIFFIS, JUSTICE, FOR THE COURT:**

¶1.     Donald Keith Smith appeals the circuit court's decision to summarily affirm his Petition Seeking Judicial Review of an Adverse Administrative Remedy Decision. We find that the circuit court lacked personal jurisdiction over the Mississippi Department of Corrections (MDOC) and therefore vacate and remand.

## FACTS AND PROCEDURAL HISTORY

¶2.     On June 3, 2009, Smith pled guilty to one count of kidnapping, armed carjacking, and felony fleeing. Approximately two years later, Smith filed a pro se motion for post-conviction relief, attacking his armed-carjacking conviction. *See **Smith v. State**,* 149 So. 3d

1027 (Miss. 2014), *overruled by* **Pitchford v. State**, 240 So. 3d 1061 (Miss. 2017). This Court remanded the case to the trial court for an evidentiary hearing. **Id.** at 1035. After an evidentiary hearing, the trial court determined that Smith had not received the competency evaluation the trial court had ordered. So the trial court reversed Smith's conviction. Smith was later evaluated and found to be competent.

¶3. On December 15, 2016, Smith pled guilty to attempted kidnapping,[1] armed carjacking, and felony fleeing. The trial court sentenced Smith to thirty years, with eighteen years to serve, for attempted kidnapping, thirty years, with eighteen years to serve, for armed carjacking, and five years for felony fleeing.

¶4. In July 2017, the trial court amended Smith's sentencing order to reflect that he should be sentenced to serve ten years for attempted kidnapping. The remainder of Smith's sentencing order stayed the same.

¶5. Smith filed an initial grievance through the Administrative Remedy Program (ARP) at the MDOC. In his grievance, Smith asserted that his time computation was incorrect.

¶6. The ARP was a two-step process. In the first response, the MDOC auditor determined that Smith's time was correctly calculated. The second response concluded that Smith received credit for time served and received federal credit.[2] Additionally, the MDOC auditor found that Smith was not entitled to parole or early release because he had committed crimes of violence under Mississippi Code Section 97-3-2 (Rev. 2014).

_____

[1] The State amended Smith's indictment from kidnapping to attempted kidnapping.

[2] In April 2016, Smith was convicted in a federal district court for bank robbery and sentenced to sixty months, with credit given for time served since October 2015.

2

¶7.     On October 10, 2017, after Smith received his second-step response, he filed a Petition Seeking Judicial Review of an Adverse Administrative Remedy Decision in the Greene County Circuit Court.

¶8.     After review, the circuit court found that "the crime of armed carjacking is included in Mississippi Code Section 97-3-2[(1)](m) [(Rev. 2014)] by reference to Mississippi Code Section 97-3-117 [(Rev. 2014)], which contains the elements and punishment for both carjacking and armed carjacking."  Further, the circuit court stated that "[t]his opinion is in line with MDOC's response to Smith that his crimes are ones of violence."  The circuit court held that "the decision rendered by the ARP was not arbitrary or capricious, was supported by substantial evidence, was not beyond the powers of the ARP, and was not in violation of the rights of the petition." The circuit court therefore affirmed the decision of the ARP. Smith timely appealed.

¶9.     On appeal, Smith asserts two issues.  First, he contends that Section 97-3-2(1)(m) incorporates by reference armed carjacking.  Second, he contends that Section 97-3-2(2) (Rev. 2014) entitles him to parole or early release after serving 50 percent of the sentenced imposed.  The State, however, argues that because Smith failed to timely petition for judicial review and failed to provide notice of his petition to the MDOC, the circuit court lacked jurisdiction.[3]

¶10.    On November 4, 2019, Smith filed with this Court a Motion to Expedite Judgment. This opinion disposes of Smith's motion.

---

[3] Notably, the jurisdictional issues were not raised until this appeal.

**STANDARD OF REVIEW**

¶11. "The decision of an administrative agency is not to be disturbed unless the agency order was unsupported by substantial evidence; was arbitrary or capricious; was beyond the agency's scope or powers; or violated the constitutional or statutory rights of the aggrieved party." *Bd. of Law Enf't Officers Standards and Training v. Butler*, 672 So. 2d 1196, 1199 (Miss. 1996) (citing *Sprouse v. Miss. Emp't Sec. Comm'n*, 639 So. 2d 901, 902 (Miss. 1994)). "There is a rebuttable presumption in favor of the agency's decisions; the burden of proving to the contrary is on the challenging party." *Id.* (citing *Sprouse*, 639 So. 2d at 902).

¶12. "Appellate review of an agency decision is limited to the record and the agency's findings." *Id.* (citing *Miss. Comm'n on Envtl. Quality v. Chickasaw Cty. Bd. of Supervisors*, 621 So. 2d 1211, 1216 (Miss. 1993)). "The reviewing court cannot substitute its judgment for that of the agency or reweigh the facts of the case." *Id.* (citing *Sprouse*, 639 So. 2d at 902). "Chancery and circuit courts are held to the same standard as this Court when reviewing agency decisions." *Id.* (citing *Chickasaw Cty.*, 621 So. 2d at 1215).

¶13. "An administrative agency's interpretation of a statute governing the agency's operation is a matter of law subject to *de novo* review." *Nissan N. Am., Inc. v. Tillman*, 273 So. 3d 710, 714 (Miss. 2019) (citing *King v. Miss. Military Dep't*, 245 So. 3d 404, 407-08 (Miss. 2018)).

**DISCUSSION**

I.     *Whether the circuit court had jurisdiction to hear Smith's petition for judicial review.*

A.     *Statute of Limitations*

4

¶14.   The State contends that "[t]he statute of limitations (30 days) had run for the time to appeal an Administrative Remedy Program decision." This Court disagrees.

¶15.   Under Mississippi Code Section 47-5-807 (Rev. 2015), "[a]ny offender who is aggrieved by an adverse decision rendered pursuant to any administrative review procedure under Section 47-5-801 through 47-5-807 may, within thirty (30) days after receipt of the agency's final decision, seek judicial review of the decision." Miss. Code Ann. § 47-5-807.

¶16.   The State asserts that the statute of limitations had run for Smith to timely seek judicial review of the MDOC's decision, but it fails to cite the dates for this Court to consider.[4] The record indicates that the Chief Records Officer signed Smith's "Second Step Response" on August 25, 2017, and Smith received his "Second Step Response" on September 19, 2017. As stated above, Smith filed his petition for judicial review in the circuit court on October 10, 2017.[5] Thus, Smith filed his petition approximately twenty-one days after receipt of the MDOC's final decision. As a result, Smith timely petitioned for judicial review under Section 47-5-807.

B.    *Service of Process*

---

[4] The State's "Statement of the Case" states that "Smith waited EIGHT (8) YEARS before filing his ARP! Thus, this ARP was outside MDOC's internal thirty (30) day statute of limitations." The State relies upon its own statement that "immediately upon incarceration in June 2009, MDOC explained to Smith armed carjacking was a day-for-day crime, MDOC gave him a time sheet that reflected the same, and then MDOC gave him a copy of his timesheet twenty-two (22) more times before his transfer to federal prison." This timesheet is not in the record. Therefore, this Court has no basis to consider this assertion.

[5] *See* **Easley v. Roach**, 879 So. 2d 1041, 1042 (Miss. 2004) (holding that "a pro se pleading is considered 'filed' when mailed by the inmate and not when it is received by the circuit clerk").

¶17.    The State further contends that it never received notice of Smith's petition for judicial review and was never legally summoned and served through the Office of the Attorney General under Mississippi Rule of Civil Procedure 4(d)(5).  We agree.

¶18.    In *Jobe v. State*, 288 So. 3d 403, 406 (Miss. Ct. App. 2019), Jobe filed a motion for judicial review in the circuit court.  The MDOC filed a motion to quash the summons based on the circuit court's lack of personal jurisdiction over MDOC because of improper service of process.  *Id.*  Specifically, the MDOC asserted that Jobe had failed to have the attorney general served with process.  *Id.*  The MDOC also filed a motion to dismiss on the same grounds.  *Id.*  The Court of Appeals considered whether the circuit court had jurisdiction to hear Jobe's petition for judicial review.  *Id.* at 408.

¶19.    The Court of Appeals first considered Section 47-5-807, and held,

> [t]he statute is silent as to the procedure for seeking judicial review, but it is clearly the last step in the Administrative Review Procedure.  It is not a "new filing" or a new lawsuit that would require service of process on MDOC (or the Attorney General for MDOC).  Rather, as the final step in the administrative procedure outlined by the statute, no more than notice to the MDOC of intent to appeal should be required.

*Id.* at 408.  The Court of Appeals clarified that "there is no requirement of service of process when a prisoner files a petition for review of an ARP decision in circuit court."  *Id.* at 409.  Thus, the Court of Appeals held that,

> to appeal an ARP decision to circuit court, a prisoner must, within thirty days of receiving the ARP decision, submit for mailing "a written notice of appeal" to the circuit court clerk accompanied by a certificate of service and provide "[a] copy of that notice . . . to all parties or their attorneys of record and the . . . lower authority whose order or judgment is being appealed."

*Id.* at 410 (quoting UCRCCC 5.04).  Ultimately, the Court of Appeals held that "[n]o service

6

of process was required, and the circuit court had personal jurisdiction over MDOC."[6] *Id.*

¶20. Smith timely filed his petition for judicial review in the circuit court. Essentially, this petition was an extension of his administrative remedy provided for by Section 47-5-807. Approximately three months later, Smith filed a "Motion for Court to Issue Summons/Serve Process Pursuant to Mississippi Rules of Civil Procedure Rule 4." In that motion, Smith asked the circuit court to issue a summons and effectuate service upon the State. The record neither indicates that the circuit court issued a summons nor indicates that it served the State.

¶21. Additionally, the record does not indicate that the MDOC (or the attorney general) received notice of Smith's intention to seek judicial review of its final administrative decision. After Smith received his "Second Step Response," there does not appear to be any other communication between Smith and the MDOC before or after Smith filed his petition seeking judicial review. The certificate of service attached to Smith's petition lists only the Greene County Circuit Clerk.

¶22. Because Smith failed to provide the MDOC with notice of his petition for judicial review, the circuit court lacked personal jurisdiction over the MDOC. *See id.*

## CONCLUSION

¶23. The record shows that Smith timely sought judicial review of the MDOC's final administrative decision. But the record does not show that the MDOC received notice of

---

[6] Before *Jobe*, the Court of Appeals dealt with a similar issue but found that the inmate failed to properly serve MDOC through the Office of the Attorney General. *Cratin v. Fisher*, 235 So. 3d 1434, 1436 (Miss. Ct. App. 2017). Since Cratin did not properly comply with Rule 4(d)(5), the court found that the circuit court lacked jurisdiction over the appeal. *Id.* Notwithstanding this procedural bar, the circuit court acknowledged the untimeliness of the appeal. *Id.*

Smith's petition for judicial review. Because Smith failed to provide the MDOC with notice of his petition for judicial review, the circuit court lacked personal jurisdiction over the MDOC. Therefore, we vacate the circuit court's judgment and remand the case to the circuit court for dismissal for a lack of jurisdiction.

¶24.   **VACATED AND REMANDED.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, BEAM, CHAMBERLIN AND ISHEE, JJ., CONCUR.**